### TURNER et al. v. MONTGOMERY et al. (No. 755-4713.)

Commission of Appeals of Texas, Section B. April 27, 1927.

**1. Contracts ⊕147(3), 169—Evidence ⊕448 —To ascertain intention, entire instrument and surrounding circumstances should be considered, together with parol evidence in case of ambiguity.**

In construction of instrument, entire instrument should be considered, with surrounding circumstances, to determine intention of parties, together with parol evidence in case instrument is ambiguous.

**2. Contracts ⊕176(1)—Construction of written instrument is for court, where unambiguous or where parol evidence as to circumstances is undisputed.**

Where there is no ambiguity in instrument, or if parol evidence in case of ambiguity is undisputed as to circumstances, construction of written instrument is for court.

**3. Wills ⊕88(2)—Instrument conveying property to take effect on death of survivor of grantors, containing words of conveyance, habendum clause, and warranty, delivered, acknowledged, and filed as deed, held "deed," not will (Rev. St. 1925, art. 1296).**

Instrument by which spouses gave, granted, and conveyed property to daughter for consideration to take effect on death of survivor of grantors *held* "deed," vesting estate in præsenti under Rev. St. 1925, art. 1296, not will, though estate was to commence in future, where form of deed was used throughout, including habendum clause and warranty of title, and where instrument was delivered, acknowledged, and filed for record as deed; not being witnessed as will.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deed.]

**4. Contracts ⊕153—Persons executing instrument are presumed to have intended it should have some effect.**

It is presumed that persons executing instrument intend that instrument shall be effective in some way.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by Mrs. M. L. Turner and others against Emma P. Montgomery and another. Judgment for defendants was affirmed by the Court of Civil Appeals (286 S. W. 624), and plaintiffs bring error. Judgments of district court and Court of Civil Appeals affirmed.

See, also, 251 S. W. 1039.

Wynn & Robertson, J. H. Turner, and H. A. Turner, all of Fort Worth, for plaintiffs in error.

J. A. Templeton, of Fort Worth, and J. W. McDavid, of Henderson, for defendants in error.

SPEER, J. The writ of error granted to the judgment of the Court of Civil Appeals for the Tenth District in this case (286 S. W. 624) involves the construction of the following instrument, to wit:

"Know all men by these presents that we, A. B. Collins and wife, S. N. Collins, of Rusk county, Tex., for and in consideration of the natural love and affection we have for our beloved daughter, Emma P. Montgomery, wife of J. O. Montgomery, and the further consideration of her attention and care for us in our declining age, have given, granted, and conveyed, and by these presents do give, grant, and convey unto the said Emma P. Montgomery, of Henderson, Rusk county, Tex., for her sole and separate use and benefit, the hereinafter described property, to take effect at the death of the survivor of us: [Then follows a description of the 181 acres of land.]

"Also all personal property owned by us at our death, to take effect at the death of the survivor of us.

"To have and to hold the above-described real and personal property unto the said Emma P. Montgomery, her heirs and assigns, from and after the death of the survivor of us, forever, free from the claims of all persons whomsoever. Said property being a free and voluntary gift from us. Our daughter, said Emma P. Montgomery, shall not be required at any time to account for the same to or for any purpose whatever hereafter, and we hereby bind ourselves, our heirs and legal representatives, to warrant and forever defend the title to the above-described property unto the said Emma P. Montgomery, her heirs and assigns, against the lawful claims of all persons."

[1, 2] This instrument was dated and properly acknowledged as required for deeds on February 15, 1906, and the same was duly filed for record by the grantor, A. B. Collins, and recorded in the deed records of Rusk county, Tex., on March 16, 1906, and was duly delivered to the grantee, Emma P. Montgomery. It is the contention of plaintiffs in error that the foregoing instrument is testamentary in character, while the defendants in error contend that it is a deed of conveyance. There are other issues presented in the case, but our conclusion upon the one stated will suffice. The initial statement by the Court of Civil Appeals that, "in the construction of instruments, the entire instrument, together with the surrounding circumstances, should be looked to, and, if it is ambiguous, parol evidence may be offered to enable the court to determine the real intention of the parties," is an accurate statement of the general rule of interpretation. Through all the rules governing construction of instruments,

there runs the central throught of ascertaining the real intention of the parties. In the nature of such inquiry, there can be no fixed rule, for every case, in large measure, depends upon its own facts, context of instrument, and circumstances. Of course it is elementary, if there is no ambiguity, the construction of the written instrument is for the court, and moreover, even in those cases of ambiguous instruments, if the parol evidence is undisputed as to the circumstances, the construction is yet a question of law for the court. The above instrument, we think, is not testamentary in character, but had the effect of a deed of conveyance from and after its delivery.

[3] The line of demarcation between deeds and wills, briefly stated, appears to be, the former vests the estate in præsenti, while the latter is operative for no purpose until the death of the testator.

Article 1296, Revised Civil Statutes 1925, provides:

"An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."

This is a remedial statute to meet the rigor of the common-law rule that a freehold to commence in futuro could not be conveyed by deed. Glenn v. Holt (Tex. Civ. App.) 229 S. W. 684. We do not understand this statute to change in any wise the essentials of a deed or conveyance with respect to its efficacy from the day and date of its execution, but its purpose evidently was to provide in effect that by deed of conveyance an estate may be made to commence in futuro. It is insisted by plaintiffs in error that the instrument under consideration fails as a deed, because, it is contended, it was "to take effect at the death of the survivor" of the grantors, from which it is argued that the language quoted referred to the instrument and not to the commencement of the estate. Let us examine the instrument to ascertain the intention of the makers. In the first place, it has the general form of a deed. It begins with the stereotyped "Know all men by these presents," and ends with a general warranty of title; it recites a consideration, and contains the usual granting clause, to wit, "by these presents do give, grant and convey," etc.; it contains the usual habendum clause, in which it is declared: "Said property being a free and voluntary gift from us. Our daughter, said Emma P. Montgomery shall not be required at any time to account for the same to or for any purpose whatever hereafter"—and then follows the ordinary general warranty of title against the "lawful claims of all persons." As already stated, the instrument was duly acknowledged before a notary public as deeds are required to be acknowledged, and filed for record as a deed by one of the grantors. These are the earmarks of a deed, and none of them is apt in a will. When the context of this instrument is considered, in connection with the undisputed facts that it was caused to be recorded upon the deed records, and to be delivered to the grantee by the grantor, the conclusion is inescapable that it was the intention of the grantors to execute a deed of conveyance rather than a will, and this at last is the test.

The instrument has none of the indicia of a will. It does not purport to be a will; it is not witnessed as a will; it was not kept in the possession of the makers; neither did they reserve any control or right of control over it or the lands described therein during their lives. The whole contention of plaintiff in error gathers around the fact that the instrument in the granting clause says, "the hereinafter described property, to take effect at the death of the survivor of us," and in the habendum clause, it declares "to have and to hold  *  *  *  from and after the death of the survivor of us." But this language is not inconsistent with the construction of the instrument as a deed, and does not, necessarily, or at all, we think, refer to the instrument, but rather to the commencement of the estate. The controlling purpose of the grantors appears to have been to convey unconditionally to their daughter Emma the real estate described; such estate to begin, as under the statute it might, in futuro, specifically upon the death of the survivor of the grantors. As pointed out in the opinion of the Court of Civil Appeals, there is no reservation contained in the instrument, in so far as it affects the real estate, which would stamp the instrument as testamentary in character. On the contrary, such intention is negatived by the provision that, as to personal property, the same should be effective at the death of the grantors, specially thus reserving the right to control and dispose of the personal property negatives an intention to reserve the right of disposition as to the real property, and moreover, as above pointed out, the instrument specially warrants the title to the "above-described" (real) property.

The case of McLain v. Garrison, 39 Tex. Civ. App. 431, 89 S. W 284, cited by the Court of Civil Appeals, is very much in point as to the construction of the language relied upon by plaintiffs in error to show a will. In that case, the instrument construed contained the following provision:

"Provided always, and it is expressly understood that this conveyance is not to take effect until after my death, and that at my death the title to the foregoing described lands is to vest immediately in my said children."

Chief Justice Fisher for the Court of Civil Appeals quoted an Alabama decision (Abney v. Moore, 106 Ala. 131, 18 So. 61), saying:

"In determining whether an instrument be a deed or will, the main question is: Did the maker intend any estate or interest whatever to vest before his death and upon the execution of the paper? Or, on the other hand, did he intend that all the interest and estate should take

effect only after his death? If the former, it is a deed; if the latter, a will. And it is immaterial whether he calls it a will or a deed. The instrument will have operation according to its legal effect."

And the Chief Justice added:

"In the case before us, we have as perfect a fee-simple deed as can be drawn to convey land from the grantor to the grantees, and the only condition prescribed upon its operation in præsenti is the one we have quoted above. It was executed without the attestation of a witness, so as to make it a will in any event. We must presume the maker knew that a will could not be executed without a witness, and this is a fact of very controlling importance, when the intention in the execution of the instrument is sought. · Construing his intentions by his acts, he must have known that an acknowledgment before a notary public in due form was sufficient to make the paper a deed, so far as related to its execution, and that this was not sufficient for its legal execution as a will. The grantor delivered the instrument the day he executed it to the grantees, who were his children. He reserved in it no power of revocation. He continued to live on the lands with his children, in possession and control of them during his life, and never made any other disposition of them. Under these circumstances we must hold that when he provided that the conveyance was not to take effect until after his death, and that at his death 'the title to the foregoing lands is to vest immediately in my said children,' he intended no more than to reserve to himself the use and enjoyment of the property during his lifetime, and that the operation of the gift, so far as possession was concerned, was to be postponed until his death, up to which time the property was to remain, not his own, but as his for use and enjoyment."

[4] So here, it is worthy of consideration that, unless the instrument is a deed, it is nothing, for it is not executed according to the simple requirements of the statute for a will, and every presumption is that the persons executing the instrument intended it to have some effect. If the intention were obscure, which it is not, this consideration alone ought to resolve the construction in favor of a valid instrument if that can be done.

An examination of the cases relied upon by plaintiffs in error will disclose that in most, if not all of them, there was language in the instrument, or circumstances in evidence, to show either that there was no delivery of the instrument (essential to a deed) or that there was a reservation inconsistent with a grant and explicable only as testamentary in character.

It is unnecessary for us to notice the theory of contract for a conveyance upon which the trial court entered judgment, and which the Court of Civil Appeals also sustained, and we express no opinion upon it. For the reasons given, we recommend that the judgments of the district court and of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed, as recommended, by the Commission of Appeals.