**DAVIS et al. v. ZEANON et ux.**
**No. 1948.**

Court of Civil Appeals of Texas. Waco.

Dec. 2, 1937.

Rehearing Denied Jan. 6, 1938.

W. L. Coley, of Fort Worth, for plaintiffs in error.

Davis, Jester & Tyson, of Corsicana, for defendants in error.

GALLAGHER, Chief Justice.

This suit was brought by plaintiffs in error, Mrs. O. C. Davis, joined pro forma by her husband, O. C. Davis, and J. M. Whitley, hereinafter called plaintiffs, against defendants in error, E. O. Zeanon and wife, Mary L. Zeanon, hereinafter called defendants, in trespass to try title to recover two tracts of land aggregating 345 acres, situated near the town of Dawson in Navarro county. Defendants answered by a plea of not guilty. Said land was formerly the property of Mrs. Mary E. Dawson Peacock, hereinafter referred to as Mrs. Peacock. She died May 10, 1935. Mrs. Davis was a sister and Mr. Whitley a brother of the deceased. They were her only heirs at law. They claimed title to the land sued for by inheritance. E. O. Zeanon claimed title thereto under two deeds executed and delivered to him by Mrs. Peacock in her lifetime under the circumstances hereinafter recited. The trial was before the court and resulted in a judgment denying plaintiffs any recovery.

Plaintiffs have filed various assignments of error assailing the validity of the deeds under which defendants claimed title to the land in controversy. Mrs. Peacock was a childless widow. For more than twenty-five years before her death she owned and controlled the land involved in this suit. About January, 1911, she entered into an agreement with defendant E. O. Zeanon, by the terms of which he was to manage her farm and divide the proceeds equally between them. This arrangement continued from that time until her death. The proceeds of the operation of the farm were deposited in the bank in her name, but said account was checked upon by both her and him. During said time he expended several thousand dollars of his own money in making improvements on the farm. Two witnesses testified that Mrs. Peacock had told them that her farm and other property were to belong to Zeanon at her death for taking care of her and her mother, for operating the farm, and for making improvements

thereon with his own money. Her mother died several years before she did. Mrs. Peacock had made a will providing for the disposition of her property, but having heard that wills were frequently contested, she destroyed the same and executed the two deeds conveying her farm to Zeanon. She first called a notary, who came to her residence. She told him in a general way that she wanted to convey the property to Zeanon and the provisions she wished such conveyance to contain. He expressed a doubt of his ability to prepare deeds which would effectuate her purpose. He took a memorandum of her instructions and consulted a lawyer, who prepared one of the deeds in evidence from such memorandum. The notary prepared the other of said deeds, incorporating the same phraseology therein. Later the notary took said deeds to Mrs. Peacock at her home and read them over to her. She also read them for herself. She stated they were what she wanted and signed and acknowledged the same before said notary. Zeanon then came into the room and she handed the deeds to him, saying, "Now these are yours." Each of said deeds was prepared by filling blanks in a printed form, substantially the same as set out in the Revised Statutes. The general warranty clause was struck out and a special warranty substituted therefor. The special features contained in each of said deeds were, in substance, that the grantor reserved to herself a life estate in the property conveyed; that the same was intended as a gift to the grantee; that title was to vest in him as his separate estate; and that such deed should not become absolute until the death of the grantor. Said deeds were executed, acknowledged, and delivered on the 28th day of January, 1934. Thereafter Mrs. Peacock stated to a witness that she had her property fixed so that no one could have it except Zeanon; that she wanted him to have it; that he had spent his money on it and had given it his time and attention; and that she had agreed to give him all her property when she died. Mrs. Peacock, at a later date, exhibited both said deeds to Mrs. Zeanon. Their actual custody thereafter is not clearly shown, but when it became apparent that Mrs. Peacock was about to die, Zeanon caused them to be recorded.

 Plaintiffs contend that since Mrs. Peacock, the grantor in said deeds, retained in herself a life estate in the property conveyed thereby, and provided in express terms that such deeds should not become absolute until the end of her natural life, the same were testamentary in character, and therefore ineffectual as conveyances of a present interest in the property at the time they were delivered to the grantee. The specific issue of law presented in such contention has been before our courts for determination many times. At common law, an estate in remainder, expectant on the death of the grantor, could not be created, but in this state, by virtue of a special statutory provision, an estate in land may be created by deed to commence in futuro. R. S. art. 1296. The grantor's death may be designated as the time when the estate is to fall into possession. Upon such death, a complete title, in the sense of a right to the present enjoyment of the estate, becomes vested in the grantee, unless the right to make other disposition of the property has been reserved by the grantor. No such right was reserved by Mrs. Peacock in the deeds under consideration, and the grantee acquired, by virtue of delivery of the same to him, a present vested interest in the property conveyed thereby. 14 Tex.Jur. p. 883, § 107; Worley v. Empire Gas & Fuel Co., Tex.Com.App., 103 S.W.2d 368, 372, par. 5; Turner v. Montgomery, Tex.Com.App., 293 S.W. 815, 816, par. 3; North v. North, Tex.Civ.App., 2 S.W.2d 481, 482, par. 1; Garrison v. McLain, Tex.Civ.App., 112 S. W. 773, writ refused; Texas Pacific Coal & Oil Co. v. Bruce, Tex.Civ.App., 233 S.W. 535, 537, par. 1, and authorities there cited. Plaintiffs' contention cannot, therefore, be sustained.

 Plaintiffs further contend that since the grantor stated in said deeds that the property thereby conveyed was intended as a gift from her to the grantee, and since delivery of the possession of such property was withheld until her death, such deeds constituted a mere attempted but uncompleted gift inter vivos and were ineffective, for lack of delivery of the property described therein, to vest any present interest in such property in the grantee. When an instrument conforms to the requirements of our statutes and purports to be an executed conveyance of land, the delivery of such instrument has effect, as between the parties, to vest title in the grantee in all respects the same when there is no consideration for the conveyance as when there is one. 14 Tex.Jur. p. 802, § 45; Rogers v. Rogers, Tex.Com.App., 15 S.W. 2d 1037, par. 3, and authorities there cited;

Jones v. Bevier, Tex.Civ.App., 59 S.W.2d 945, 948, par. 1, writ refused; Bombarger v. Morrow, 61 Tex. 417, par. 1; 21 Tex.Jur. p. 34, § 15, and authorities cited in first paragraph thereof; 28 C.J. p. 637, § 26; Jost v. Wolf, 130 Wis. 37, 110 N.W. 232, par. 3. This contention, therefore, cannot be sustained.

The judgment of the trial court is affirmed.

GEORGE, J., took no part in the consideration nor disposition of this case.