### RICHARDSON v. RICHARDSON.

No. 14824.

Court of Civil Appeals of Texas.

Dallas.

June 18, 1954.

Rehearing Denied July 16, 1954.

Graves & Graves, Houston, for appellant.

John A. Erhard, Philip Wilson and Hassell & Hassell, Dallas, for appellee.

CRAMER, Justice.

This was an action in trial court by appellant as plaintiff against appellee and Ripley Shirt Company as defendants in trespass to try title to a one-half undivided interest in a tract of business property in the City of Dallas (subject to an outstanding lease thereon in favor of Ripley Shirt Company) plus one-half of the rentals thereon. After a nonjury trial the court found the facts in substance as follows: (1) The common source of title is a deed from R. J. Horton et al. to Wheaton L. Richardson et ux. Ionie Richardson dated June 7, 1944, and thereafter duly recorded; (2) Wheaton L. Richardson and Ionie Richardson were married Dec. 17, 1941, and no children were born to their marriage; (3) they were husband and wife on June 7, 1944; (4) both Wheaton L. Richardson and Ionie Richardson were previously married and Wheaton L. Richardson's sole and only child, Alice Richardson, plaintiff here, was born of a previous marriage; (5) Wheaton L. Richardson died intestate in Dallas County Sept. 16, 1951, and was survived by his wife Ionie Richardson and his only child Alice Wheaton Richardson; (6) on Nov. 1, 1949, Wheaton L. Richardson, joined by his wife Ionie Richardson, leased the property in question herein to Ripley Shirt Company, Inc., for a term of five years for a total sum of $12,000 payable $200 per month; (7) in October 1944, Wheaton L. Richardson executed and delivered to Ionie Richardson an instrument denominated a warranty deed which contained the following recitals: "* * * have granted, sold and conveyed and by these presents do grant, sell and convey unto the said Mrs. Ionie Richardson all that certain my undivided interest in and to the following designated and described property and premises, to-wit: Being the east 20 feet of Lot No. (8) Eight and the west 40 feet of Lot No. (9) Nine, in Block No. 11/3137 of Hillside Addition to the City of Dallas, Texas, according to the map thereof recorded in Volume (141) One-Forty-One, page 94 of the Deed Records of Dallas County, Texas." (8) That the instrument denominated "a warranty deed executed in October 1944 contained the condition that in the event of Wheaton L. Richardson's death, Ionie Richardson should assume the unpaid balance due on a note in the original principal sum of Five Thousand ($5,000.00) Dollars." (9) That such instrument contained the following recital: "It is specifically understood and agreed, however, by and between myself, W. L. Richardson,

and my said wife, Mrs. Ionie Richardson, that this deed is not to become effective during the lifetime of myself, W. L. Richardson, but that upon my death the same (this deed) shall at once come into full force and effect, conditioned only that we, W. L. Richardson and wife Mrs. Ionie Richardson, are still husband and wife." (10) That all rentals due and payable after Sept. 15, 1951, were paid to Ionie Richardson and retained by her save and except those payments falling due on and after April 2, 1953. (11) That the property in question at the time of the death of W. L. Richardson was encumbered by a mortgage in favor of Oak Cliff Bank & Trust Company in the original amount of $5,000. (12) That on and after Sept. 16, 1951, defendant Ionie Richardson paid, retired and fully amortized the note due the bank and the bank released that note. (13) That W. L. Richardson and Ionie Richardson were husband and wife at the time of his death on or about Sept. 16, 1951. (14) That the instrument denominated a warranty deed is clear and unambiguous and the manifest intention is clear and not subject to variation. (15) That the instrument denominated a warranty deed is in writing, signed by the grantor, and complies with the requirements of the laws of conveyancing, and is as follows: (See Note 1).

"The State of Texas ⎱ Know all men by
County of Dallas ⎰ these presents:

"That I, *W. L. Richardson*, a resident of the County of *Dallas*, State of *Texas*, for and in consideration of the sum of *One* Dollars, to *me* paid and secured to be paid by *my wife, Mrs. Ionie Richardson* as follows:

"*The sum of One ($1.00) Dollar cash in hand paid, the receipt whereof is hereby acknowledged, and other and further good and valuable considerations to me moving, the receipt of all of which are hereby fully acknowledged and confessed.*

"*An indebtedness of Five Thousand Dollars is outstanding against the property* hereinafter designated and described (Lot No. (9) Nine, in Block No. 11/3137 of Hillside Addition to the City of Dallas, Texas), and in the event of my (W. L. Richardson's) death, my wife, Mrs. Ionie Richardson, assumes the payment of any balance remaining due on the said Five Thousand Dollar debt.

have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said *Mrs. Ionie Richardson* of the County of *Dallas*, State of *Texas*, all that certain *my undivided interest in and to the following designated and described property and premises, to-wit: Being the east 20 feet of Lot No. (8) Eight and the west 40 feet of Lot No. (9) Nine, in Block No. 11/3137 of Hillside Addition to the City of Dallas, Texas, according to the map thereof recorded in Volume (141) One-Forty-One, page 94 of the Deed Records of Dallas County, Texas.*

"*Being the same property and premises conveyed to W. L. Richardson and wife, Jonie Richardson by R. J. Horton and wife, Johnnie Horton, John P. Horton and wife, Nettie Horton, Stella Horton Loomis, a widow, all of Dallas County, Texas, and Eula Horton Berman, joined pro forma by her husband, Manfred H. Berman of San Francisco, California, by deed dated June 7th, A.D. 1944, and duly recorded in the Deed Records of Dallas County, Texas, in Volume 2493, page 112, to all of which reference is here made for further and better designation and description of the property and premises herein conveyed.*

"*It is specifically understood and agreed, however, by and between myself, W. L. Richardson, and my said wife, Mrs. Ionie Richardson, that this deed is not to become effective during the lifetime of myself, W. L. Richardson, but that upon my death the same (this deed) shall at once come into full force and effect, conditioned only that we, W. L. Richardson and wife, Mrs. Ionie Richardson, are still husband and wife.* To have and to hold the above described premises, together with all and singular the

1. The instrument, except for the underscored parts, was a printed form.

rights and appurtenances thereto in anywise belonging unto the said *Mrs. Ionie Richardson, her* heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said *Mrs. Ionie Richardson, her* heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above described property, premises and improvements, until the above described note—, and all interest thereon, are fully paid according to *its* face and tenor, effect and reading, when this deed shall become absolute.

"Witness *my* hand at *Dallas, Texas*, this —— day of October — A.D. 1944. /s/ *W. L. Richardson.*" (See Note 2.) (Emphasis supplied.)

On plaintiff's request therefor additional findings were filed in substance as follows: (1) The balance due the Oak Cliff Bank & Trust Company on Oct. 16, 1951 was $700 plus interest; (2) defendant Alice Ionie Richardson collected and handled as her own funds the entire $200 monthly rental due Oct. 1, 1951 to and including April 1953, totaling $3,800; that beginning with May to and including Dec. 1953, one-half of the monthly rental ($800) was deposited in the registry of the court.

The court's conclusions of law were as follows:

"1. I conclude as a matter of law that the property in question on the 7th day of June, 1944 (the date of the warranty deed from R. J. Horton et al. to Wheaton L. Richardson, et ux., Ionie Richardson) constituted community property of Wheaton L. Richardson and Ionie Richardson.

"2. I conclude as a matter of law that the property in question on the 16th day of

September 1951 (date of Wheaton L. Richardson's death) constituted the separate property of Ionie Richardson by virtue of a warranty deed attached hereto, marked Exhibit "A" and made a part hereof as though set forth in this paragraph in *haec verba*, conditioned only upon Ionie Richardson's retirement of an indebtedness against the property in the original principal sum of Five Thousand ($5,000.00) Dollars.

"3. I conclude as a matter of law that on March 17, 1953 Ionie Richardson by fully paying the indebtedness in the original sum of $5,000.00 complied with the sole remaining condition contained in the warranty deed executed in October 1944 by Wheaton L. Richardson and thereby acquired complete and perfect title in fee simple absolute.

"4. I conclude as a matter of law that the following recital contained in the instrument denominated warranty deed, attached hereto and marked Exhibit "A", incorporated herein as fully as though set out in *haec verba* passed a 'present interest' as contemplated by the laws of the State of Texas, to-wit:

"'It is specifically understood and agreed, however, by and between myself, W. L. Richardson, and my said wife, Mrs. Ionie Richardson, that this deed is not to become effective during the lifetime of myself, W. L. Richardson, but that upon my death the same (this deed) shall at once come into full force and effect, conditioned only that we, W. L. Richardson and wife, Mrs. Ionie Richardson, are still husband and wife.'

"5. I conclude as a matter of law that the instrument denominated warranty deed, attached hereto and marked Exhibit "A" and incorporated herein as fully as though set out in *haec verba* constitutes and is a conveyance or grant, to-wit: a warranty deed, under the laws of the State of Texas by virtue of the language therein employed, the 'form' employed and the irrevocable

2. A proper notary's form of acknowledgment by W. L. Richardson dated October 27, 1944 is attached to the above deed.

nature of the instrument as evidenced by the lack of reservation of a power or right of further disposition on behalf of the grantor.

"6. I conclude as a matter of law that by virtue of a warranty deed executed and delivered by R. J. Horton et al. to Wheaton L. Richardson et ux., Ionie Richardson and further by virtue of the warranty deed executed and delivered by Wheaton L. Richardson to Ionie Richardson and by her compliance with the conditions therein contained that Ionie Richardson has and holds good, merchantable and perfect title in fee simple absolute as against all the world in and to the following described Dallas County real estate:

" 'Being the East 20' of Lot No. 8, and West 40' of Lot No. 9, Block 11/3137, Hillside Addition to the City of Dallas, Texas, according to the map thereof recorded in Vol. 141, page 94 of the Deed or Map Records of Dallas County, Texas."

Final judgment from which this appeal has been duly perfected by appellant, against Alice Ionie Richardson, alone, recites material here, that Alice Wheaton Richardson, plaintiff, "take nothing" and that the title to the described property here in question be quieted in defendant Alice Ionie Richardson; that the monies, (rents) in the registry of the court be paid to Alice Ionie Richardson and the costs taxed against the plaintiff.

Appellant briefs eleven points of error, prefaced however by the following statement: "This appeal really only involves one issue—that is, the question whether or not the instrument executed by Wheaton L. Richardson in October 1944 to his then wife, Mrs. Ionie Richardson covering the property in which plaintiff sues for a one-half interest as only child and sole heir of her father, Wheaton L. Richardson who died intestate in 1951, was a *Deed* (photostatic copy S. F. Exhibit No. 9; Tr. Exhibit "A", pp. 54–55–56), and conveyed a 'present interest' at the time of its execution, or an instrument of *Testamentary Character*, not executed in accordance with the provisions of our Probate Laws, nor

probatable under our rules and statutes as a will and therefore void."

Points 1, 2, and 3 being briefed together will be so considered. They are in substance: (1–2) Error in the court's fourth conclusion that the written instrument involved was a deed passing a present interest in the estate to the grantee and in not construing it as an instrument testamentary in character and void because not executed under the formalities required by law; and in concluding such instrument passed a present interest in the property; (3) in the court's fifth conclusion wherein it held the instrument in question was a warranty deed.

█ It is fundamental that in construing an instrument that the written portions of the same take precedence over the printed portions when they are in conflict and cannot both be effectually enforced. It must be assumed that the written portions change or modify the printed portions. J. K. Hughes Oil Co. v. Mayflower Inv. Co., Tex.Civ.App., 193 S.W.2d 971, syl. 2 (writ ref.).

So construing the instrument, it is plain that in the portion filled in on the typewriter as follows, "It is specifically understood" and ending "are still husband and wife", the estate granted is not vested in grantee until the death of W. L. Richardson and then only if they are still husband and wife. The only question is whether or not such provision as a matter of law makes the instrument in question a deed or a will. After due consideration we are of the opinion that this case is controlled by the following authorities: Article 1296 Vernon's Ann.Civ.St. which provides: "An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will"; and Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297, opinion by Justice Smedley, then a Commissioner, having been adopted by our Supreme Court which affirmed the judgment of the Court of Civil Appeals reported in 141 S.W.2d 979; McLain v. Garrison, 39 Tex.Civ.App. 431, 88 S.W. 484 and 39 Tex.Civ.App. 431, 89 S.W. 284 (error

dism.); Garrison v. McLain, Tex.Civ.App., 112 S.W. 773 (error ref.); Davis v. Zeanon, Tex.Civ.App., 111 S.W.2d 772 (error ref.); Turner v. Montgomery, 293 S.W. 815, by the Commission of Appeals; Worley v. Empire Gas & Fuel Co., 129 Tex. 532, 103 S.W.2d 368, 373, (Comm.App. opinion ad. by Sup. Ct.).

■ In each of the above cited cases the elements of a deed were present but full possession was not to be had until the happening of a future event, that is, the death of a named party. As said in the Worley case, where the opinion was adopted by the Supreme Court, "We think this clearly indicates that, although the title and interest of T. J. Tuttle became vested, full enjoyment and possession was not to be had by the children until his death." Here the deed, except for the provision above quoted, is on a general warranty deed form containing all usual provisions, with the typed in provisions, all as shown by the quoted deed set out above. Considering the record and the evidence as a whole, the only reasonable conclusion we can reach is that the quoted provision shows grantor's intention to reserve a life interest in Grantor W. L. Richardson. Art. 1296, V.A.C.S.

Points 1, 2, and 3 are overruled.

Points 4 to 11 are based upon the assumption that the instrument here involved is a will, not a deed, and therefore in view of our holding on points 1, 2, and 3, they present no error. They are therefore overruled without discussion.

Finding no error in the court's judgment, it is

Affirmed.