Frank TERRELL, Appellant,

v.

Nellie GRAHAM, Appellee.

No. 5152.

Court of Civil Appeals of Texas,
Eastland.

July 13, 1978.

Rehearing Denied Aug. 10, 1978.

Richard Don Coan, Coan & Terrill, Stephenville, for appellant.

Garry Lewellen, McMillan & Lewellen, Stephenville, for appellee.

RALEIGH BROWN, Justice.

This case involves the construction and effect of instruments of conveyance.

Nellie Graham sought to quiet title against E. H. Richardson and Frank Terrell to an undivided one-half interest in 121¼ acres of land located in Erath County, Texas. Trial before the court resulted in a judgment for Graham. Only Terrell appeals. We reverse and render.

E. H. Richardson and H. R. Richardson by deed dated January 26, 1945, became the owners as tenants in common of the land in controversy. On or about March 10, 1969, the brothers executed separate instruments, which were in the form of general warranty deeds conveying the land to the other as grantee. Each instrument contained the provision that it was written under Article 1296, T.R.C.S.,[1] "and shall take effect and become absolute on my death." The instruments were simultaneously filed for record in the deed records of Erath County on March 11, 1969.

H. R. Richardson died in 1975 leaving a written will naming Nellie Graham as the sole devisee of his entire estate. This will has been admitted to probate. On April 9, 1976, E. H. Richardson and wife, Ollie, executed a deed to Terrell purporting to convey the entire interest in the land formerly owned by H. R. and E. H. Richardson. Nellie Graham brought the instant suit and the court concluded under the facts "no title passed either to or from H. R. Richardson or E. H. Richardson, as between the two brothers." The judgment was entered based on such conclusion of law.

Terrell argues there are neither legal nor factual grounds to support the court's judgment awarding Nellie Graham an undivided one-half interest in the land. We agree.

First, we must determine the character of the instruments exchanged by the brothers.

Unless the instruments are deeds, they are ineffective, because they are not executed according to the statutory requirements for a will. The instruments are neither wholly in the handwriting of either brother nor attested by two or more credible witnesses above the age of fourteen. Tex.Prob.Code Ann. § 59.

The instruments have the general form of deeds. They were duly acknowledged before a notary and filed for record as deeds by the brothers. The instruments have none of the indicia of wills unless the phrase that it was written under Article 1296, T.R.C.S., "and shall take effect and become absolute on my death.", makes the instruments testamentary in character.

The court in *Texas Pacific Coal & Oil Co. v. Bruce*, 233 S.W. 535 (Tex.Civ.App.—Fort Worth 1921, no writ) considered an instrument containing the language, "This deed, however, under no condition or circumstances is to be made a matter of record or become absolute until after my death.", and held it to convey a present estate to take effect on grantor's death as against the contention that it was intended as a will and was void for noncompliance with requirements for execution of a will.

In *McLain v. Garrison*, 39 Tex.Civ.App. 431, 88 S.W. 484 (1905, writ dism'd), the court held an instrument substantially in the form of a deed, containing all the elements of a deed and concluding with the usual habendum and warranty clauses, but reciting, "This deed is to take effect at my death and not before.", was not testamentary in character but was a deed. See also: *Davis v. Zeanon*, 111 S.W.2d 772 (Tex.Civ. App.—Waco 1937, writ ref'd); *Richardson v. Richardson*, 270 S.W.2d 307 (Tex.Civ.App. —Dallas 1954, writ ref'd).

The court in *North v. North*, 2 S.W.2d 481 (Tex.Civ.App.—Waco 1927, no writ) considering a deed containing the language, "This deed is to take effect after each of us is dead, and not before then and until our death we reserve the title and possession of said land in us.", held:

1. "An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."

"Similar instruments have been before our courts for construction many times. In the absence of the valid reservation of a right to dispose of the property or to revoke the instrument, or language from which such reservation will be necessarily implied, the courts have with practical unanimity held such instruments . . effective to convey a present interest in the property described therein, notwithstanding the full title thereto and the right to the possession and enjoyment thereof are postponed to some future date . . ."

In *Turner v. Montgomery*, 293 S.W. 815 (Tex.Comm'n App.1927), the court said:

"The line of demarcation between deeds and wills, briefly stated, appears to be, the former vests the estate in praesenti, while the latter is operative for no purpose until the death of the testator.

Article 1296, Revised Civil Statutes 1925, provides:

'An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will.'

This is a remedial statute to meet the rigor of the common-law rule that a freehold to commence in futuro could not be conveyed by deed. *Glenn v. Holt* (Tex. Civ.App.) 229 S.W. 684. We do not understand this statute to change in any wise the essentials of a deed or conveyance with respect to its efficacy from the day and date of its execution, but its purpose evidently was to provide in effect that by deed of conveyance an estate may be made to commence in futuro . ."

The court in *Glenn v. Holt*, 229 S.W. 684 (Tex.Civ.App.—El Paso 1921, no writ) in considering what is now Article 1296, T.R. C.S., said:

". . . This statute was enacted to abrogate the rule of the common law that a freehold to commence in futuro could not be conveyed, for the reason that the title would be in abeyance from the execution of the conveyance until the future estate of the grantee should vest. Both the estates in reversion and remainder were known to the common law, and as to them its imperative feudal dogma that a distinct independent freehold estate in land to commence in futuro could not be created had no application, for the reason that the particular estate supported the seizin and fee. The statute in question has reference to estates in expectancy other than estates in reversion and remainder . . . ."

■ We hold the instruments exchanged by the brothers are not testamentary in character but are deeds which created present estates in expectancy each to the other of an undivided one-half interest in the property.

We must now determine if such estates in expectancy terminate by the death of the grantee prior to the occurrence of the event which would bring the grantee's right to possession and enjoyment into being.

■ Equity recognized in Texas the right to convey expectancies. An expectancy is the mere possibility that a person may acquire by inheritance or otherwise. 22 Tex. Jur.2d Estates § 14.

The court in *Barre v. Daggett*, 105 Tex. 572, 153 S.W. 120 (1913) was presented the question, "Is an expectancy in the estate of a parent a present right and the subject of sale?" In answering the issue, the court held:

". . . The facts bring the case within the letter and spirit of *Hale v. Hollon*, 90 Tex. 427, 39 S.W. 287, 36 L.R.A. 75, 59 Am.St.Rep. 819, in which this court held that the expectancy of a brother in the estate of a non compos sister under guardianship was a present existing right which was a proper subject of sale . .

.   .   .   .   .

.   .   . The effect of the deed was at that time to vest the right of Mrs. Barre in the estate named; it was in no sense executory   .   .   .

.   .   .   .   .

. . . and, as owner of the expectancy, had authority to make the deed, thereby parting with her right in the estate named . . ."

See also, *Hammett v. Farrar*, 8 S.W.2d 236 (Tex.Civ.App.—El Paso 1928), aff'd, 29 S.W.2d 949 (Tex.Comm.App.1930); *Burges v. Gray*, 211 S.W.2d 776 (Tex.Civ.App.—San Antonio 1948, writ ref. n. r. e.).

■ Such an expectancy, however, could fail or lapse if the potential recipient predeceased the holder of the antecedent estate. *Joyner v. Christian*, 131 Tex. 274, 113 S.W.2d 1229 (1938).

In *Holt*, supra, the court held Article 1296, T.R.C.S., applied to estates in expectancy. 31 C.J.S. Estates § 15 defines estates in expectancy as:

". . . one where the right to the possession or enjoyment is postponed to a future period, although the estate or interest has a present legal existence . ."

As held in *North*, supra:

". . . such instruments . . . effective to convey a present interest in the property described therein, notwithstanding the full title thereto and the right to the possession and enjoyment thereof are postponed to some future date . . ."

The deeds exchanged by H. R. and E. H. Richardson conveyed more than mere expectancies. The deeds contained no reservation of a right to dispose of the property, or to revoke the instruments by grantors and did not require survivorship of the grantees. The death of the grantee would not effect his estate in expectancy.

■ An estate in expectancy, under the common law, could be devised by will. Article 1296 authorizes the conveyance of such estates by deed, "in like manner as by will." Therefore, under the provision of Article 1296, T.R.C.S., an estate in expectancy being a present interest in the property becomes such an interest or estate in land, as may be conveyed or devised. *Skipper v. Davis*, 59 S.W.2d 454 (Tex.Civ.App.—Texar-

kana 1932), rev'd, 125 Tex. 364, 83 S.W.2d 318 (1935).

Tex.Prob.Code Ann. § 58 provides:

"Every person competent to make a last will and testament may thereby devise and bequeath all the estate, right, title, and interest in possession, expectancy, reversion, or remainder, which he has, or at the time of his death shall have, of, in or to any lands, tenements, hereditaments, or rents charged upon or issuing out of them, or shall have of, in or to any personal property whatever, including choses in action, subject to the limitations prescribed by law . . ."

■ H. R. Richardson devised his entire estate to Nellie Graham. A part of that estate was an estate in expectancy to an undivided one-half interest in the 121¼ acres of land. She presently holds that estate. The court erroneously held that "no title passed either to or from H. R. Richardson or E. H. Richardson as between the two brothers."

We reverse the judgment of the trial court and render judgment that Frank Terrell has fee title to the 121¼ acres burdened with an estate in expectancy in Nellie Graham to an undivided one-half interest, the possession and enjoyment of which is to take effect on the death of E. H. Richardson.