Frank TERRELL, Petitioner,

v.

Nellie GRAHAM, Respondent.

No. B–7906.

Supreme Court of Texas.

Jan. 24, 1979.

Rehearing Denied Feb. 28, 1979.

executed, delivered, and recorded an instrument in the form of a general warranty deed whereby each purported to convey to the other *all* of the 121¼ acres with this provision:

"This deed is written under Article 1296 [1] R.C.S. of Texas, and shall take effect and become absolute on my death."

H. R. Richardson died in 1975, and his will which named Nellie Graham as the sole devisee of his estate was admitted to probate. The property in question was not specifically mentioned in the will. On April 9, 1976, E. H. Richardson and wife, Ollie, executed a deed to Frank Terrell purporting to convey in fee simple the entire 121¼ acres. On February 13, 1976, Nellie Graham brought this suit to construe the two instruments, seeking to quiet her title to an undivided one-half interest in the tract, with alternative pleas for the full title.

The trial court found that no title passed under either instrument and rendered judgment that Nellie Graham is the owner of an undivided one-half interest in the land. The court of civil appeals reversed and rendered judgment that Frank Terrell has fee title to the entire tract burdened with an estate in expectancy in Nellie Graham to an undivided one-half interest, the possession and enjoyment of which is to take effect on the death of E. H. Richardson. 569 S.W.2d 595. Only Terrell complained of this judgment. We reverse the judgments of the lower courts and render judgment that Terrell has fee simple title to the entire tract.

Both parties acknowledge that the two instruments should be considered together and construed as one transaction in that both were executed at the same time, between the same parties and related to the same tract of land. *See Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959); *Rudes v. Field*, 146 Tex. 133, 204 S.W.2d 5 (1947); *Hendes v. Gale*, 376 S.W.2d 922 (Tex.Civ. App.–San Antonio 1964, writ ref'd n.r.e.).

Coan & Terrill, Richard D. Coan, Stephenville, for petitioner.

McMillan & Lewellen, Mary E. McCoy and Garry Lewellen, Stephenville, for respondent.

BARROW, Justice.

This case involves the construction of reciprocal instruments executed simultaneously by two brothers. E. H. and H. R. Richardson became the co-owners of 121¼ acres of land in Erath County in 1945 with each having an undivided one-half interest. On or about March 10, 1969, they each

1. The deed of E. H. Richardson refers to the statute as Article 1996, but this is obviously a clerical error. Article 1296, Texas Revised Civil Statutes Annotated, provides:

"An estate or freehold or inheritance may be made to commence in futuro, by deed or conveyance, in like manner as by will."

Also, in construing these instruments, the primary inquiry of the court is directed to ascertaining the intent of the grantor. *Newsom v. Newsom,* 378 S.W.2d 842 (Tex. 1964); *Smith v. Allison,* 157 Tex. 220, 301 S.W.2d 608 (1956).

■ We agree with the conclusion of the court of civil appeals that the instruments are deeds and not ineffective wills. The instruments are in the form of general warranty deeds, they were duly acknowledged before a notary and filed for record as deeds. They were not witnessed as wills nor do they have any indicia of wills. The provision that they would not become absolute until the death of grantor does not make the instruments testamentary in character. *Richardson v. Richardson,* 270 S.W.2d 307 (Tex.Civ.App.–Dallas 1954, writ ref'd); *Turner v. Montgomery,* 293 S.W. 815 (Tex.Com.App.1927); *Texas Pacific Coal & Oil Co. v. Bruce,* 233 S.W. 535 (Tex.Civ. App.–Fort Worth 1921, no writ); *Glenn v. Holt,* 229 S.W. 684 (Tex.Civ.App.–El Paso 1921, no writ).

■ A more difficult question is raised as to the legal effect of the deeds. Article 1296 allows estates in futuro to be conveyed in derogation of the common law rule which prohibited such conveyances. Under this statute the grantor conveys the title and interest specified in his deed, but full enjoyment and possession is not had by the grantee until the death of the grantor. *Parker v. Blackmon,* 553 S.W.2d 623 (Tex. 1977); *Davis v. Bond,* 138 Tex. 206, 158 S.W.2d 297 (1942); *Richardson v. Richardson, supra; North v. North,* 2 S.W.2d 481 (Tex.Civ.App.–Waco 1927, no writ). The interest conveyed is usually referred to as an "estate in expectancy."

■ It is clear under the foregoing authorities that if only one instrument were involved, it would be construed as a deed which effectively passed a present vested interest in the grantee as an estate in expectancy of the undivided one-half interest owned at that time by the grantor. Also, since the deed expressly conveyed by general warranty deed all of grantor's interest in

the land, it effectively passed fee simple title to all interest owned by the grantor at the time of his death when the deed became absolute. *Clark v. Gauntt,* 138 Tex. 558, 161 S.W.2d 270 (1942); *Gulf Oil Corporation v. Shell Oil Company,* 410 S.W.2d 260 (Tex. Civ.App.–Beaumont 1966, writ ref'd n.r.e.). This included the grantor's own undivided one-half interest in the tract as well as grantor's expectancy in the other half interest.

We have found no authority which considered the crucial question presented here by the execution of two simultaneous deeds written subject to Article 1296. We believe that our construction carries out the intent of the two brothers that the survivor would own the land in fee and is supported by the foregoing authorities cited regarding a conveyance of an estate in futuro.

Prior to execution of the deeds on March 10, 1969, each brother owned only an undivided one-half fee interest in the land. However, each conveyed to the other by general warranty deed an estate in expectancy to all interest in the land owned by the grantor at the time of his death. Such conveyance left each grantor with a life estate in his undivided one-half interest in the land as well as the estate in expectancy conveyed to him by his brother.

On the death of H. R. Richardson, his deed took effect and became absolute by its terms, thereby vesting all of his interest in the land in E. H. Richardson, including the estate in expectancy which had already been conveyed to H. R. by E. H. at the time the deeds were executed. After the death of H. R., the surviving brother, E. H. owned full fee simple title to the entire tract of land. On April 9, 1976, E. H. Richardson and his wife conveyed this entire interest to Frank Terrell and he became the owner of the land in fee simple.

The judgments of the lower courts are reversed and judgment is here rendered that Nellie Graham take nothing against the defendants, E. H. Richardson and Frank Terrell, and that the said Frank Terrell do have and recover, under his cross-action, title and possession of the full fee simple estate in and to the 121¼ acres of land.