

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00071-CV

_____

IN RE THE ESTATE OF MAGGIE WILLIAMS TURNER, DECEASED

On Appeal from the 276th District Court
Marion County, Texas
Trial Court No. 1500143

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Markutter McIntosh appeals the trial court's order granting partial summary judgment in favor of Mildred Bonner, Independent Executrix of the Estate of Maggie Williams Turner, deceased, which order declared that McIntosh had no interest in the real property described in the warranty deed at issue. On appeal, McIntosh contends Texas law did not permit Turner to terminate McIntosh's interest in the property. For the reasons below, we affirm the trial court's judgment.

## I.    Background

According to the summary judgment record, in 2009, Turner hired James Finstrom[1] to assist her in conveying to McIntosh thirteen tracts of real property located in Marion County (the Property). The conveyance was to take place upon Turner's death; however, Turner desired to retain, during her lifetime, all of her then-rights in the Property, including the power to sell the Property without McIntosh's permission. In order to carry out Turner's wishes, Finstrom prepared a warranty deed in which Turner "reserved during her life, 'the full possession, benefit and use'" of the Property, "as well as the rents, issues and profits thereof and the unilateral power of sale of any or all of the [Property] with or without the consent of [McIntosh]." Turner executed the warranty deed on November 13, 2009, and it was filed of record in Marion County on that same day.

---

[1]Finstrom is a licensed attorney.

On April 2, 2013, Turner conveyed the Property to Maggie Turner, L.L.C.[2] "The conveyance [was] made in fee simple." The conveyance was executed by Turner and filed of record on the same day.

In McIntosh's amended petition, she maintained that the warranty deed's "provision that 'reserved a unilateral power of sale of any or all of the property with or without the consent of Grantee, for and during the natural life of Maggie Turner' is Null and Void because the provision constitutes an Alienation of Restrain on and or Violates Texas Property Code § 5.041[.]" McIntosh continued by alleging these acts were "done as part of a basically unfair device to achieve an inequitable result[,] to wit[,] divesting [McIntosh] of her property and royalty interest in the deed dated November 13, 2009[.]"

In response to McIntosh's allegations, Bonner filed a motion for partial summary judgment[3] asking the trial court to enter a judgment declaring that McIntosh had no interest in the Property. In her motion, Bonner stated that the 2009 deed was a Lady Bird or Enhanced Life Estate Deed, explaining that such "deed is essentially a transfer of real property to a grantee in which the grantor reserves a life estate and the lifetime power to convey the property and, thus, unilaterally terminate the grantee's interest."[4] In other words, "the grantee receives a contingent

---

[2]The records show that Maggie Turner, L.L.C.'s "Company Agreement" was executed on February 28, 2013, and it consisted of one "Member," Turner.

[3]Bonner attached to her motion the following exhibits: (1) order admitting will to probate and issuance of letters testamentary; (2) inventory, appraisement, and list of claims; (3) warranty deed, dated November 13, 2009; (4) Finstrom's affidavit; (5) McIntosh's responses to Bonner's first set of admissions, interrogatories, and production request; (6) affidavit of Mildred Bonner; (7) warranty deed dated April 2, 2013; (8) certificate of formation, limited liability company; and (9) company agreement of Maggie Turner.

[4]In partial support of her position, Bonner cited Frank, Kary C., *LadyBird Deeds: Purposes and Usefulness*, MICH. B. J. (June 2016). McIntosh emphasizes that Michigan law is inapplicable to this case. Bonner responds that the

3

remainder interest." Bonner contends that based on the terms of the 2009 deed, Turner exercised the power of sale reserved in her deed by conveying the Property to Maggie Turner, LLC, in 2013. This conveyance terminated McIntosh's interest in the Property.

McIntosh responded to Bonner's motion for partial summary judgment by objecting to many of McIntosh's summary judgment exhibits and citing *Entergy Gulf States, Inc. v. John Summers*, 282 S.W.3d 433 (Tex. 2009).[5] In her response, McIntosh also argued that Section 5.041 of the Texas Property Code prevented Turner from retaining the power of sale that could terminate McIntosh's interest in the Property. Section 5.041, entitled "Future Estates," reads, "A person may make an inter vivos conveyance of an estate of freehold or inheritance that commences in the future, in the same manner as by a will." TEX. PROP. CODE ANN. § 5.041 (West 2014).

---

information contained in the article was meant to be used for the purpose of explaining Lady Bird Deeds or an enhanced life estate and not, as Bonner contends, to be applied to the facts of this case. Regardless of its intended purpose, this Court finds it unnecessary to consider the article when addressing the sole issue we are tasked with deciding.

[5]The Texas Supreme Court held in *Summers*,

> The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the Legislature's intent. *F.F.P. Operating Partners., L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). Where text is clear, text is determinative of that intent. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) ("[W]hen possible, we discern [legislative intent] from the plain meaning of the words chosen."); *see also Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006). This general rule applies unless enforcing the plain language of the statute as written would produce absurd results. *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). Therefore, our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). Only when those words are ambiguous do we "resort to rules of construction or extrinsic aids." *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007).

*Summers*, 282 S.W.3d at 437. Here, we find no ambiguity in Section 5.041 of the Texas Property Code as the statute is applied to the sole issue in this case.

On May 17, 2017, the trial court entered its order granting Bonner's motion for partial summary judgment, declaring that McIntosh had no interest in the Property. McIntosh timely filed this appeal, continuing to maintain that Texas law did not allow Turner to retain the power of sale that terminated McIntosh's rights to the Property.

## II.    Discussion

We review de novo the grant or denial of a motion for summary judgment "to determine whether a party's right to prevail is established as a matter of law." *Lamar Corp. v. City of Longview*, 270 S.W.3d 609, 613 (Tex. App.—Texarkana 2008, no pet.). In making the required review, we deem as true all evidence that is favorable to the nonmovant, we indulge every reasonable inference to be drawn from the evidence, and we resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When the trial court does not specify the basis for its ruling, we must affirm a summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To be entitled to traditional summary judgment, a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to

5

summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010).

Despite Bonner's assertion that Turner's conveyance of the Property was improper in the State of Texas, many courts, including the Waco Court of Appeals, have held to the contrary. In 1937, our sister court stated,

> The specific issue of law presented in such contention has been before our courts for determination many times. At common law, an estate in remainder, expectant on the death of the grantor, could not be created, but in this state, by virtue of a special statutory provision, an estate in land may be created by deed to commence in future. The grantor's death may be designated as the time when the estate is to fall into possession. Upon such death, a complete title, in the sense of a right to present enjoyment of the estate, becomes vested in the grantee, *unless the right to make other disposition of the property has been reserved by the grantor.*

*Davis v. Zeanon*, 111 S.W.2d 772, 773 (Tex. Civ. App.—Waco 1937, writ ref'd) (citations omitted) (emphasis added); *see York v. Boatman*, 487 S.W.3d 635, 641 (Tex. App.—Texarkana 2016, no pet.) (citing *Davis*, 111 S.W.2d at 773) (conveyance by deed of an estate in realty may be made to commence in the future).

Here, the 2009 deed's wording is unambiguous, stating that Turner sought to retain the right to full possession, benefit, and use of the Property, along with any profits stemming from the Property's use. Likewise, the 2009 deed stated that Turner retained the unilateral power of sale of any or all of the Property, with or without McIntosh's consent. Moreover, Finstrom's affidavit confirmed Turner's intention to retain these rights in the Property. Thus, the record is clear that Turner reserved her rights in the Property (including the right to convey it) thereby eviscerating any rights or interests McIntosh may have had in the Property prior to that time.

We overrule McIntosh's sole point of error.

6

## III. Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted: November 15, 2017
Date Decided: December 8, 2017