PATRICK BURK v. R. J. TURNER.

No. 2989.

1.   Recitals in Deeds — Parties and Privies. — The recital in a deed of a particular fact is at least evidence against the parties to the conveyance and their privies.

2.   Same — Case in Judgment. — Lane conveyed a land certificate to George J. Turner and the plaintiff, reciting a chain of title back to the grantee of the certificate. George J. Turner died, and his parents sold the land to one Faunt, who sold to the defendant.   Held, in an action in trespass to try title for half of the land, the recitals of title in the deed from Lane were prima facie evidence of title in plaintiff to one-half of the land patented under the certificate.

3.   Same.—While the recitals, etc., with evidence that defendant was holding under the deed with the plaintiff, would support a judgment for the plaintiff, still the defendant was not estopped from showing title by limitations if he could, while the legal title to the land was in one of the parties named in the chain of title.

4.   Limitation—Pleading.—Defendant not having pleaded facts showing a claim of limitation against the heirs of Hodges, he could not prove such title.

5.   Burden of Proof.—The plaintiff having shown a common source of title, recitals affecting the defendant, and showing prima facie title, it devolves upon the defendant attacking the recitals to establish the facts so alleged by him against the recitals.   See facts.

6.   Gift Presumed. — A father bought a land certificate for two of his children, paying for it in part with money belonging to them and in part with his own money. The deed was made to the two children, who were minors.   Held, that the presumption is that the father intended to make a gift of that paid by him to his children.

APPEAL from Bee.    Tried below before Hon. H. Clay Pleasants.
The opinion gives a statement.

L. H. Brown and John C. Beasley, for appellant.— 1.  A grantor of land to two persons in cotenancy is not common source of title as to such persons;  to constitute a grantor a common source of title, he must convey the same land to each claimant.    Koenigheim v. Miles, 67 Texas, 113;  Howard v. Masterson, 77 Texas, 41.

2.   If the defendant's title does not connect by proper conveyances with the grantor which plaintiff claims to be the common source, and defendant denies that he claims under said grantor, in such a case the plaintiff will not be permitted to show such grantor to be the common source of title.    Linthicum v. March, 37 Texas, 349.

3.   In trespass to try title the plaintiff must show title in himself from and under the sovereignty of the soil in order to recover.

4.   If appellee failed to show common source of title in E. R. Lane and failed to show title in himself from the sovereignty of the soil, he should not have recovered judgment.

5.   If plaintiff shows a common source of title and shows title in himself under that source superior to that of defendant, and defendant shows an outstanding legal title superior to the common source, then plaintiff should not recover.    Tapp v. Corey, 64 Texas, 594;  Stephens v. Hix, 38 Texas, 656;  Koenigheim v. Miles, 67 Texas, 113.

*A. B. Peticolas,* for appellee.— 1. As between the parties to this suit the recitals in the deeds under which defendant claims are sufficient evidences of the assignment of the certificate by Ashby to Clare, and the finding of the court that it was so assigned is not error.　Caruth v. Grigsby, 57 Texas, 259; 49 Texas, 62; 46 Texas, 114; Renick v. Dawson, 55 Texas, 102; Pugh v. Mays, 60 Texas, 191.

2. The court did not err in finding that E. R. Lane was the common source of title.　Neither a cotenant nor a tenant of a cotenant can force the plaintiff to go back beyond the common source, and the common source is that point in the chain of title where the whole title claimed by either party is vested in one person.　Lasater v. Van Hook, 77 Texas, 650; Webster v. Mann, 52 Texas, 416; Paschal v. Acklin, 27 Texas, 176; Walker v. Howard, 34 Texas, 479.

3. No outstanding title will avail a defendant claiming under a common source with the plaintiff unless he connects himself with it in some way.　Keys v. Mason, 44 Texas, 140; 34 Texas, 510.

4. A defendant who claims title from a common source with plaintiff, and whose title deed recites that his vendor, Lane, acquired title from the heirs of Hodges (no heir of Hodges being a party to the suit or contending that Lane did not acquire the whole title), is estopped to deny that such deed did convey all the title of all the heirs of Hodges.　Renick v. Dawson, 55 Texas, 103; 55 Texas, 11, 12.

5. The doctrine that limitation may be a bar to one tenant in common and not to others, asserted in Stoval v. Carmichael, 52 Texas, 383, has no application to this case..　Defendant could not have the benefit of limitation against parties not before the court, and as to the plaintiff in this suit he was under disability.

Gaines, Associate Justice.—This was an action of trespass to try title, brought by appellee, to recover of appellant as tenant in common with him an undivided one-half interest in two tracts of land patented to one James H. Ashby by virtue of a certificate issued to the patentee for one-third of a league of land.　The petition alleged that both parties claimed title to the interest in controversy under one E. R. Lane as a common source.　The conveyance by Lane was of the certificate by virtue of which the patent issued, and was made to the plaintiff and to George J. Turner, his brother.　The grantees were at the time minors. The certificate was bought for them by their father and paid for, in part at least, by their money.　Lane's deed transferring the certificate described it as a certificate issued to Ashby and "conveyed by deed from said Ashby to Menifee, or rather from A. M. Clare and from Clare to Menifee, and from Menifee to John W. Hodges and from the heirs of the said Hodges to the grantors herein."　The plaintiff also introduced in evidence a conveyance from George L. Turner and wife, the father and mother of plaint-

iff and George J. Turner, to the lands in controversy to D. R. Faunt, and a deed from D. R. Faunt to the defendant. He also proved by the father, George L. Turner, that George J. Turner had died leaving no issue at the time the conveyance was executed to Faunt.

The defendant pleaded not guilty and the statute of limitations of five years as against the recovery by plaintiff. He also pleaded that the title never passed out of the original grantee, Ashby, and that he had acquired that title by the statute of limitations of five years; also that the title was at one time in A. M. Clare, and that it so remained until he acquired it by limitations. A similar plea asserting the acquisition of title through Menifee and through Hodges in the same manner was also interposed. But it was not pleaded that the title ever was in the heirs of Hodges or that the defendant had acquired their title in any manner.

The plaintiff introduced in evidence the conveyance of the certificate from E. R. Lane to George J. Turner and to himself; also conveyance from four of the children of John W. Hodges to Lane, and proved by George L. Turner, his father, that John W. Hodges was dead at the time the latter conveyances were executed, and that the grantors in the conveyances to Lane were his children. Upon cross-examination this witness testified that Hodges left eight other children by a second wife. The plaintiff also introduced in evidence the deed from George L. Turner and wife to D. R. Faunt to the land in controversy, and the deed from Faunt to the defendant.

The defendant proved his possession of the land under his deed, and the payment of taxes upon it for five years before the institution of the suit, and that his deed had been duly recorded during that period. But the plaintiff proved his minority to a time within less than five years before the suit was brought.

The recital in a deed of a particular fact is at least evidence against the parties to the conveyance and their privies. Carver v. Jackson, 4 Pet., 83. It follows that the facts stated in the conveyance from Lane to George J. Turner and R. J. Turner were prima facie proved by the introduction in evidence of that conveyance as against the defendant, who received a deed and went into possession of the land under that title. The burden was then shifted upon the defendant, and in order to defeat the action it was incumbent upon him to show that the recital as to one or more of the conveyances was not true. The deed of Lane was evidence for him as well as against him; and if he had shown that either Ashby, the original grantee, Clare, Menifee, or Hodges had never transferred the certificate and that he had acquired the title of either by the statute of limitation, he would have been entitled to a judgment, unless we should hold him estopped, which we are not now prepared to do. Upon the question whether either of these recited conveyances was ever made he has introduced no evidence. The evidence adduced by plaintiff that John W.

Hodges left twelve heirs and the conveyances from but four of them suggests that it may be that there was an outstanding title in the heirs who did not convey.  But, as we have said, the burden was upon the defendant, and the fact that four conveyed could hardly be sufficient evidence that the others did not convey.  But while the defendant pleaded title acquired by limitation from the original grantee, from Clare, or from Menifee, or from Hodges, he did not plead the acquisition of such title through any of the heirs of Hodges.

A party to avail himself of title by limitation must plead it.  Therefore if it had been proved affirmatively that any one or more of the heirs of Hodges had never conveyed to Lane, the defendant could not have made the fact available under his pleadings.  The facts recited in the conveyance from Lane to the plaintiff and his brother, as against the defendant, proved an equitable title in plaintiff to one-half of the land sued for; and it follows that the conclusions of law filed by the learned judge who tried the case below are quite correct.

The recital in Lane's deed proved the fact as against the defendant found by the court below that the certificate was assigned to Clare.  It is unimportant whether it was proved or not that the whole of the consideration for Lane's conveyance was paid with the money of the grantees.  If a part was paid by their father, the presumption is that he intended to make a gift to them of that part.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered January 20, 1891.