REEVES et ux. v. SIMPSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1912. Rehearing Denied Feb. 23, 1912.)

PARENT AND CHILD (§ 9*)—CONVEYANCE—GIFT—PRESUMPTION.

Where a suit brought by a woman on behalf of herself and minor children to recover for the death of her husband was compromised by the receipt of a deed which she caused to be executed solely in favor of her children, the presumption was that she intended the conveyance to her children as a gift of any interest she might otherwise have in the property.

[Ed. Note.—For other cases, see Parent and Child, Dec. Dig. § 9.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by Ollie Ann Simpson and another against H. R. Reeves and wife. From a judgment for plaintiffs, defendants appeal. Affirmed.

L. N. Frank and W. W. Moores, for appellants. George & Ferguson, for appellees.

DUNKLIN, J. Ollie Ann Simpson (née Ollie Ann Hall) and Louvina Hall instituted this suit against their mother, Mrs. Annie G. Reeves (formerly Mrs. Annie G. Hall) and her husband, H. R. Reeves, to recover land situated in the town of Dublin, and from a judgment in favor of plaintiffs the defendants have appealed.

A deed from R. W. Higginbotham, purporting to convey the property to the plaintiffs, was the deed through which title was claimed by all parties to the suit. The consideration for this deed was a settlement by compromise agreement of a suit which was pending at the time of its execution and which had been instituted by Mrs. Annie G. Hall, defendant in this suit, and her daughters, Ollie Ann Hall and Louvina Hall, plaintiffs in this suit, to recover of R. W. Higginbotham and others damages for the death of G. T. Hall, husband of Mrs. Annie G. Hall

and father of Ollie Ann Hall and Louvina Hall, alleged to have resulted from the negligence of defendants in that suit. The amount of damages claimed in that suit was $20,000, one half of which was claimed by Mrs. Hall for herself, and the other half was claimed for her two minor children, Ollie Ann and Louvina, share and share alike. A judgment was rendered in that suit reciting that the deed had been executed in full satisfaction of the cause of action therein asserted and decreeing that thereby the cause of action was fully satisfied.

Upon the trial of the present suit, the judgment in the former suit and excerpts from plaintiffs' petition filed therein showing allegations substantially as recited above, together with the deed mentioned already, were introduced in evidence, but no other evidence was introduced to explain why Mrs. Hall procured the execution of the deed in favor of her two children solely with no conveyance of any interest in the property to herself.

Appellants insist that from the fact that in the suit for damages Mrs. Hall asserted a right to one-half the entire amount of damages claimed, the presumption should be indulged that the compromise was effected upon the basis that she paid one-half of the consideration for the conveyance, and therefore an equitable title to one-half interest in the property in controversy was vested in her. All assignments of error are predicated upon this contention. By the terms of the deed the legal title to the property was vested in the grantees named therein and, even though it should be held that one-half the consideration therefor was paid by the mother, yet, in the absence of any proof to the contrary, the presumption must be indulged that she intended the conveyance to her children as a gift to them of any interest she otherwise might have in the property. Smith v. Brown, 66 Tex. 543, 1 S. W. 573; Burk v. Turner, 79 Tex. 276, 15 S. W. 256.

We have found no error in the judgment, and, accordingly, it is affirmed.