ROGERS et al. v. WHITE et al.   (No. 182.)

·(Court of Civil Appeals of Texas.   Beaumont.
April 26, 1917.)

1. TENANCY IN COMMON ☞3 — CREATION — POWER OF ATTORNEY.

A power of attorney, authorizing the grantee to litigate or compromise the grantor's title to certain land, and conveying an undivided one-half interest therein, creates a tenancy in common.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 5–17.]

2. TENANCY IN COMMON ☞19(1) — MUTUAL RIGHTS—PURCHASE OF OUTSTANDING TITLE.

A tenant in common's purchase of an outstanding hostile title inures to the benefit of his cotenants.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 55.]

3. VENDOR AND PURCHASER ☞230(1)—BONA FIDE PURCHASER—RECITALS IN DEED.

A grantee is not an innocent purchaser for value, where previous deeds to him of other nearby land described the tract in question as belonging to another than his grantor; he being bound by the recitals in his deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–504, 507, 510, 512.]

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

Suit by H. T. Rogers against J. E. White and others, in which plaintiff impleaded A. P. Hutton. From a judgment that plaintiff recover nothing against defendants, but recover from Hutton, Rogers and Hutton both appeal. Affirmed.

J. F. Dabney, of Liberty, and Geo. A. Byers, of Houston, for appellants.   E. B. Pickett, of Liberty, ·for appellees.

HIGHTOWER, Jr., C. J.   This is a suit filed by H. T. Rogers against J. E. White and the heirs of White's deceased wife, Z. M. White, setting up an undivided one-half interest in and asking for partition of a tract containing 40 acres of land out of the Mays survey in Liberty county, Tex.   J. E. White answered, denying that Rogers owned any interest in said 40 acres, and, becoming an actor, pleaded title to the entire 40 acres against Rogers, setting up the three, five and ten years' statutes of limitation, whereupon the plaintiff H. T. Rogers impleaded his warrantor, A. P. Hutton, from whom he had purchased a one-half interest in the said 40 acres claimed by White. The case was tried without a jury, and the trial court rendered judgment that J. E. White and the heirs of his deceased wife recover the 40 acres of land in question; that the plaintiff, H. T. Rogers, take nothing by his suit against White for partition, and recover judgment against his warrantor, Hutton, for the amount paid Hutton for the land, to which plaintiff and defendant Hutton excepted and filed a motion for new trial, which motion being overruled by the court, plaintiff, H. T. Rogers, and defendant A. P. Hutton excepted and gave notice of appeal, and have brought this case before us for review.

. The facts disclosed that in 1902, J. E. White and wife, Z. M. White, who for many years prior thereto had lived on and occupied a portion of the Mays 320 acres in Liberty county, Tex., executed and delivered to A. P. Hutton a power of attorney, authorizing the said Hutton to sue for, compromise, and otherwise settle their demand to the J. J. Mays survey of 320 acres of land, situated about 18 miles southeast of the town of Liberty in Liberty county, state of Texas, and conveying to Hutton an undivided one-half interest in said survey.   On September 2, 1903, A. P. Hutton acquired by purchase from T. L. Dick and wife, Mary L. Dick, a one-eighth interest in the J. J. Mays 320-acre survey.   Thereafter, in cause No. 3840, in the district court of Liberty county, Tex., A. T. Eavenson et al. brought suit in trespass to try title to recover the Mays 320-acre survey against J. E. White and A. P. Hutton, and in which suit the defendant White answered and set up claim by limitation to 160 acres off of the south half of said 320-acre survey, and as an heir to an undivided one-eighth interest in the entire survey, and disclaimed as to the rest of the survey. The defendant Hutton, in the same suit, set up claim under his deed from Dick and wife to an undivided one-eighth interest in the entire 320-acre survey, and disclaimed all interest in the rest of the survey.   In the judgment rendered in this suit, in August, 1906, the defendant White recovered 40 acres, which was set apart and surveyed by order of the court, and which 40 acres of land is described as follows:

"Beginning at a stake set 21.8 vrs. N. 89 W. of White's N. E. corner of fence, which stake is S. 73 deg. E. 859 vrs. from the most western corner of the J. J. Mays 320-acre survey, said latter corner is marked by stone from which a post oak 16 in. in dia. brs. N. 68 deg. 30' E. 119.6 vrs.   Thence S. 89 deg. E. with J. E. White's north fence 610.3 vrs. to a post in fence marked X.   Thence S. 1 deg. W. 370 vrs. to stake 19.4 vrs. south of J. E. White's south fence.   Thence N. 1 deg. E. 370 vrs. to the place of beginning."

The defendant White recovered by said judgment a one-eighth undivided interest in the 320-acre survey, after deducting the 40· acres recovered by White, the defendant Hutton recovered a one-eighth interest in 280 acres, or 35 acres.   This suit, while a suit in trespass to try title, was also a partition suit in result, in so far as White, upon the one hand, and the defendant Hutton and all of the plaintiffs, upon the other hand, were

concerned. On January 11, 1911, A. P. Hutton sold and conveyed to H. T. Rogers an undivided one-eighth interest in the J. J. Mays 320-acre survey that was awarded to him by the judgment in cause No. 3840—

"save and except from the above-described survey, all of that certain tract or parcel of land, being 40 acres of land, decreed to J. E. White out of said survey, in cause No. 3840, styled A. T. Eavenson et al. v. A. P. Hutton et al. in the district court of Liberty county, Texas, recorded in volume F, pages 152 to 157 of the minutes of said court, said 40-acre tract being described by metes and bounds as follows."

On September 13, 1913, A. P. Hutton sold and conveyed to H. T. Rogers an undivided one-half of 40 acres out of the J. J. Mays 320-acre survey, which 40 acres was awarded to J. E. White by decree in cause No. 3840, and which interest conveyed is the one-half interest out of the 40-acre tract excepted by Hutton in his deed to Rogers, dated January 11, 1911. The above facts are undisputed.

The cause is apparent which led J. E. White and his wife to execute the power of attorney to A. P. Hutton, and was evidently a desire on the part of all of them to recover, if they could, the entire J. J. Mays 320-acre survey, as said power of attorney conveyed an undivided one-half interest in and to the entire 320-acre survey, and could not be anything short of a claimed interest against all other claimants, and, as stated, with this desire, which ripened into the execution of this power of attorney, and after the execution of same, and on September 2, 1903, as above set forth, the said Hutton purchased of T. J. Dick and wife, Mary Dick, a one-eighth undivided interest in and to the J. J. Mays 320-acre survey.

Appellants contend that White and his wife could only convey to Hutton an interest in what they actually owned in the Mays survey; that White never claimed to own the one-eighth interest of his sister, Mrs. Sherman, which interest Hutton purchased from her daughter, Mrs. Dick; that White disclaimed to own 160 acres of the survey in said suit No. 3840, and only established limitation title to 40 acres out of said survey, and Hutton disclaimed, as against the plaintiff in that suit, all but the undivided one-eighth interest he had bought from Mrs. Dick; that, such being the state of the case, the trial court erred in this case by holding that White and Hutton were tenants in common as to the entire 320 acres, and that the one-eighth interest acquired by Hutton from Mrs. Dick inured to the benefit of White as a cotenant.

Opposed to this, appellees contend that by the power of attorney and conveyance from J. E. White and wife to Hutton, in 1902, Hutton and appellee became tenants in common to the entire 320 acres of the Mays survey, and whatever interest subsequently acquired therein by Hutton, in this case being the undivided one-eighth interest purchased by Hutton from Mary L. Dick and husband, inured to the benefit of his cotenants, J. E. White and wife, and Mrs. White's heirs; that the judgment in cause No. 3840 was an equitable partition of the 40 acres of land awarded to J. E. White, and the 35 acres of land awarded to A. P. Hutton.

[1, 2] That J. E. White and A. P. Hutton, at the time of the execution of the power of attorney from White and wife to Hutton were attempting to pave the way to recover the entire J. J. Mays 320-acre survey by limitation there can be no question; and both were, after the execution of this power of attorney, asserting claim to the entire survey.' A part of the terms stated in the power of attorney by White and wife, and accepted by Hutton, "to sue for or compromise and otherwise settle our title to the J. J. Mays survey of 320-acres of land; * * * and whereas, the said A. P. Hutton will probably have to incur considerable expense," etc., therefore said White and wife gave, granted, and conveyed "to said A. P. Hutton, an undivided one-half interest in all of the said land in said survey," etc.; and, since Hutton accepted this power of attorney, and claimed what interest in the entire survey he could recover, he necessarily became a tenant in common with White and his wife, and by purchasing a one-eighth interest from Mary Dick and husband, it is apparent that he was attempting to quiet the title to that portion purchased by him, and, this being true, this purchase ought to and should inure to the benefit of his cotenants, White and wife. Roberts v. Thorn, 25 Tex. 734, 78 Am. Dec. 552.

[3] Though the appellant Rogers claims to be an innocent purchaser for value from Hutton of the one-half undivided interest of Hutton in the 40 acres set apart to White in the decree in cause No. 3840, we are of the opinion that he was not an innocent purchaser, for the reason that the recitals in several deeds forming links in his chain of title, in which the grantors in these deeds make such recitals of ownership in White of this 40 acres as at least would put a reasonably prudent man upon inquiry. In the deed from Eavenson to Rogers, in which seven-eighths interest in the Mays survey is conveyed, we find this recital "less the J. E. White 40-acre tract," and in which deed the grantor, Eavenson, in excepting the White 40-acre tract, described same by metes and bounds, and referred to it as "the hereinafter described tract belonging to J. E. White." A recital in a deed of a particular fact is at least evidence against the parties to the conveyance and their privies. Burk v. Turner, 79 Tex. 278, 15 S. W. 256. In regard to recitals in deeds, the general rule is that all parties to a deed are bound by the recitals therein. Kimbro v. Hamilton, 28 Tex. 567. The facts sustain the trial court in his holding that Hutton was awarded and adjudged his fair

and full portion of the Mays survey when he was decreed an undivided interest of 35 acres therein by judgment rendered in cause No. 3840.

It is our opinion that the judgment of the trial court should be affirmed; and it is so ordered.

The foregoing opinion was prepared by Judge A. E. DAVIS, late Associate Justice of this court, just before his death, and the verbiage employed is entirely his own, but the opinion was not filed prior to his death. The present members of the court concur in the result reached by their lamented Brother, and the judgment of the trial court is in all things affirmed.