## BANKERS' LIFE & LOAN ASS'N v. CHASE.

### No. 4850.

Court of Civil Appeals of Texas. Amarillo.

Jan. 31, 1938.

Rehearing Denied Feb. 28, 1938.

948

Bradley &. Wilson, of Lubbock, and J. Frank Wilson, of Dallas, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

STOKES, Justice.

Appellee filed this suit in the county court upon a policy of insurance in the sum of $500, issued by the Mutual Life & Loan Association of America upon the life of her father, T. B. Williamson, in which she was the beneficiary, liability under which had been assumed by appellant. The insured died on June 16, 1936. Appellee alleged that appellant had been duly notified of the death of T. B. Williamson, but that payment of the amount due under the policy had been refused, and she prayed for judgment for the full amount provided by the policy, with interest and costs of suit.

Appellant answered by the general issue, admitted the assumption of the obligations of the Mutual Life & Loan Association under the policy, and alleged that under the terms of the by-laws of the association failure to pay the monthly premiums on the policy within fifteen days after the mailing of notice to the insured automatically suspended the member and rendered the policy or certificate of insurance null and void, unless the same should be reinstated. It further alleged that the insured permitted the policy to lapse for nonpayment of the premium due April 10, 1936; that the policy thereupon immediately became null and void, and was never reinstated. It was further alleged that on or about May 7, 1936, the insured, T. B. Williamson, made application for reinstatement of the policy, admitting that it had lapsed for nonpayment of the premium due April 10, 1936, and tendered $3.50, the amount of the monthly premium, but that the application was rejected by it on account of the extreme age of the insured, and the premium so tendered was returned and retained by the insured and appellee.

The answer further alleged in the alternative that, if it should be held to be liable on the policy, the by-laws of appellant, which were a part of the contract, provided that on all policies issued to persons over fifty years of age, if death occurred within ninety days from the date of issue of the policy or reinstatement of a lapsed policy, the maximum amount for which it would be liable should be 10 per cent. of the amount otherwise payable, and that the insured was eighty-six years of age and, therefore, fell within that class.

In a supplemental petition appellee denied the allegations of the answer and alleged that all premiums were paid on the policy and that same had not lapsed; that appellant declared a forfeiture of the policy, but the facts did not justify its claim in that respect, and she tendered the amount of the premium which had been returned to her and her father by appellant when it asserted the policy had lapsed.

The case was tried before the court without a jury and judgment rendered in favor of appellee for the sum of $511, with 6 per cent. interest and costs of suit, to which appellant duly excepted, gave notice of appeal, and presents the case in this court upon six assignments of error.

The first and second assignments of error assail the judgment of the court below and assert that the judgment is contrary to and not supported by the evidence, in that the evidence conclusively shows that the policy had lapsed for nonpayment of the premium due April 10, 1936; that the policy automatically lapsed on that date; had not been reinstated, and was not in force at the date of the death of the insured on June 16, 1936.

One of the provisions of the policy reads as follows: "If, at the expiration of fifteen days after mailing notices of assessments or premiums, at Dallas, Texas, to the last known address as shown on the books of the Association to members of the Association, said member has not remitted, and remittance has not been received at the home office of the Association, Dallas, Texas, at the expiration of said fifteen days, the aforesaid member shall be ipso facto suspended."

On May 7, 1936, the insured signed, and his daughter, the appellee herein, mailed to appellant at its office at Dallas what is termed "Health Certificate and Application for reinstatement," as follows:

"Having allowed my policy No. FR–C–5–1109 in the Bankers Life and Loan Association, of Dallas, Texas, to lapse for non-payment of premium due April 10, 1936, in the amount of $3.50 I hereby make application for re-instatement and revival of said Policy, subject to all of its provisions, riders and amendments attached thereto, if any, and as a further basis for re-instatement of said policy, I hereby tender payment of premiums, as required, and reaffirm the truthfulness of all statements, and answers to questions set forth in my original application. It is also hereby agreed that any settlement tendered in connection with the re-instatement of this Policy may be deposited by the Company, in order to facilitate action on this Application for re-instatement. If this application is not approved, I hereby agree to accept the return of any settlement tendered or sums paid in connection with this application, without interest, which shall discharge the Company from all liability; and I further warrant my answers to the following questions to be true in every respect:

"Are you now in excellent health and free from all diseases, chronic ailments or injuries? Answer Yes.

"Signature of Applicant:
"Terrell B. Williamson
"Present age: 86

"Witness: Odessa Owens.

"Dated at Lubbock, Texas, this 7 day of May, 1936."

Appellee testified that appellant claimed her father's policy had lapsed and that she sent the application for reinstatement, together with an application for reinstatement of a similar policy on the life of her mother, and a remittance of $7 to pay for both reinstatements. She said that in reply she received from appellant a letter, dated May 25, 1936, advising her that, due to the age of her father, T. B. Williamson, his policy could not be reinstated. She said that a cashier's check for $3.55 was inclosed, which was the amount tendered for reinstatement of the policy here involved, and that in the letter she was advised that her mother's policy was reinstated. She admitted receiving the $3.55 returned with the letter and that she kept it, and that it was not tendered or paid to appellant prior to her father's death, nor since his death.

Appellee further testified that all premiums due on the policy were paid up to the time of her father's death, and that she duly notified appellant of his death, but that liability on the policy was denied because appellant claimed the policy had lapsed and was not in force at the time of the death of the insured. She further testified that she paid the premiums for April and May, 1936, and that such payments were made before the 25th of those months, and that the company received such payments as far as she knew. She said that she and her father continued to receive notices of the premiums due after April 10, 1936, and that notices for the May premium and June premium were received before the 10th days of those months, and likewise for the payment that would have been due July 10, 1936, but for the death of her father prior to that time.

W. A. Kincanon, the secretary of appellant, testified that the amount of premiums due on the policy each month was $3.50, and that the record of the company shows all premiums paid to and including the month of March, 1936, but that no premiums were paid after that date, and that the premium due for the month of April, 1936, was not paid, and the policy had lapsed for nonpayment of that premium. He admitted the genuineness of a card introduced in evidence purporting to have been issued and mailed by appellant to the insured of the monthly premium due on the policy July 10, 1936, and that the mailing of such notice would indicate that the insured was a member of the association and that his policy of insurance was not canceled. He said that if the notice was mailed to the insured, it was through mistake.

There can be no question that the policy had lapsed and was not in force on June 16, 1936, the date of the death of the insured, if the statements contained in the health certificate and application for reinstatement of May 7, 1936, are true. It was in writing, signed by the insured, and mailed to appellant by appellee, who was the beneficiary in the policy. There was no pleading of accident, fraud, or mistake in reference to the certificate and application, nor any explanation of it nor reason given by appellee why it was executed by her father and mailed by her to the insurance company. Its terms are positive, unequivocal, and, we think, conclusive, in the absence of some reasonable explanation that would avoid its force. As we interpret the record, there was no reasonable explanation given. It is true appellee testified that all premiums due on the policy were paid up to the time of her father's death, and that she knew they were made between the 10th and 15th

of each month, and that she paid the premiums for April and May, 1936, before the 25th days of those months. Her testimony is silent, however, as to the manner in which the payments were made, whether by check, bank exchange, or post office money order, and there is no receipt or statement from the company or any tangible evidence of. any kind other than the mere statement of appellee showing the premiums had been paid. Furthermore, there is no evidence in the record which tends in any respect to corroborate her statement that the premiums had been paid other than the notice of July 2, 1936, which was sent by appellant to the insured after his death. As admitted by the witness Kincanon, the sending of the notice would indicate the member was in good standing and the policy still in force on that date, but the witness' suggestion that the card was sent through mistake is probably of equal force to the general statement of appellee that the premiums had been paid. Under the terms of the policy, payment of the premiums was not consummated unless and until they were received by the company at its office at Dallas, and the record contains no evidence that the premiums were so received by it. Having admitted that the health ·certificate and application for reinstatement was signed by the insured and that appellee mailed it to the insurance company, and in view of its positive terms to the effect that the policy had lapsed for failure to pay the premium due April 10, 1936, the burden. rested upon appellee to prove facts which explained or nullified the certificate and application. This, according to the record before us, she failed to do, and we therefore sustain appellant's first and second assignments of error. Burk v. Turner, 79 Tex. 276, 15 S.W. 256; Moss-Tate Inv. Co. v. Owens, Tex.Civ.App., 22 S.W. 2d 1096.

■ Appellant contends there is no evidence in the record to support the judgment of the court, and, therefore, if its first and second assignments of error are sustained, this court should render judgment in its favor. The general statements of appellee to the effect that the premiums had been paid, while in the nature of conclusions, constitute some evidence. These statements were corroborated by the circumstance that the notice of the July premium was mailed to the insured by appellant, which admittedly indicated the policy had not lapsed at that time. There was, therefore, some evidence to support the findings and judgment of the

trial court, although, in our opinion, it was. not sufficient as a basis for the judgment that was rendered. Under such circumstances this court is not warranted in rendering judgment. Pounds v. Minter, Tex. Com.App., 13 S.W.2d 351; City of Abilene v. Moore, Tex.Civ.App., 12 S.W.2d 604; Houston Printing Co. v. Jones, Tex.Civ. App., 282 S.W. 854; Rieger v. Smith et al., Tex.Civ.App., 2 S.W.2d 883; Shaw v. Centerfield Oil Co. et al., Tex.Civ.App., 10 S.W. 2d 144.

The remaining assignments of error refer to provisions of the policy and the by-laws of the company with reference to the amount that would be due under the policy in the event it had lapsed but had been reinstated. The record shows that, if the policy had lapsed for nonpayment of the premium, appellant had declined to reinstate it, and the view we take of the case as above expressed makes it unnecessary to comment on the remaining assignments of error.

For the errors pointed out, the judgment of the court below is reversed, and. and the cause remanded.