Yrene WOODWORTH, Appellant,

v.

Maria Louise CORTEZ, a/k/a Valeria
Irene Woodworth, Appellee.

No. 04–82–00093–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 31, 1983.

Rehearing Denied Oct. 13, 1983.

Bob J. Spann, Spann & Smith, Corpus Christi, for appellant.

Clyde L. Wright, Jr., Alice, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

CANTU, Justice.

Yrene Woodworth, appellant and plaintiff below brought a suit for declaratory relief seeking to have a conveyance of certain realty to appellee declared invalid. Appellant also sought to set aside a decree of adoption, to regain title to an automobile and to obtain injunctive relief.

1. Eighty-six years old at the time of trial.

In January of 1966 appellant[1] adopted appellee, then nineteen years of age and known as Maria Louisa Cortez. Following the adoption, appellee's name was changed to Valeria Irene Woodworth.

Prior to 1966 appellee had come to live with appellant who had also raised and educated appellee's aunt from the age of eleven years until she married.

Following a period evidenced by manifestations of love, affection and a desire by appellee to become appellant's adopted daughter, appellant adopted appellee. During the period subsequent to the adoption and while appellee lived with appellant, appellant sold her home in Alice, Texas, and with the proceeds of the sale purchased a 17.29 acre tract for the purpose of reestablishing her homestead outside the city limits of Alice.

At the time of the purchase of the tract and at the direction of appellant, the deed conveying title to the tract from the seller was placed in the name of appellee as grantee. During the time appellant and appellee lived together an automobile was also purchased and the title was registered in the name of appellee.

There followed a period of strife between the parties and eventually a parting of the ways in March of 1981.

This suit followed as an effort by appellant to set aside the conveyances and to declare the properties as her own. The trial court refused to permit evidence in support of appellant's effort to invalidate the adoption. No complaint is made with respect to the trial court's action in this regard and that aspect of the petition passes out of the case.

In her first three points of error appellant contends that the trial court erred in disregarding jury findings, and in failing to enter a judgment in accordance with those findings. Appellant's fourth point of error asserts that the trial court erred in entering a judgment granting appellant a life estate in her home with remainder to appellee

upon appellant's death because the jury findings do not support a life estate and because there were no pleadings to support such relief. We treat these contentions as no evidence points. *Gleason v. Davis,* 155 Tex. 467, 289 S.W.2d 228 (1956).

The special issues and the jury answers appellant claims the trial court disregarded were:

Issue No. 1.

Do you find from a preponderance of the evidence that plaintiff agreed with J.H. Cobb and wife to purchase the house and land they owned prior to the deed from J.H. Cobb and wife to Valeria Irene Woodworth, marked exhibit 1?

\*   \*   \*   \*   \*   \*

We, the jury, answer: We do.

Issue No. 3.

Do you find from a preponderance of the evidence that the money or funds paid to J.H. Cobb and wife for the purchase of the Cobb property was the separate property of the plaintiff?

\*   \*   \*   \*   \*   \*

We, the jury, answer: We do.

Issue No. 4.

Do you find from a preponderance of the evidence that plaintiff intended, at the time of the conveyance of the Cobb property, to retain the use, possession and control of the house and land during her lifetime?

\*   \*   \*   \*   \*   \*

We, the jury, answer: Yes.

Issue No. 5.

Do you find from a preponderance of the evidence that at the time the Cobb property was conveyed to defendant the plaintiff intended for the property to become the property of defendant only upon the death of the plaintiff?

\*   \*   \*   \*   \*   \*

We, the jury answer: Yes.

Appellant argues that the foregoing jury findings support a conclusion that the realty in question was never given to the appellee because there can be no gift without a donative intent, the intent must be to make a gift to the donee immediately and not in the future and because a gift cannot be made to take effect as a future gift.

Appellant further argues that the jury findings conclusively establish that the realty was never given to appellee. Reliance is primarily placed upon cases dealing with the power to revoke an incomplete gift because the donor has not evidenced an intent to divest himself absolutely and irrevocably of the title to the property. *See Chaison v. Chaison,* 154 S.W.2d 961 (Tex.Civ.App.—Beaumont 1941, writ ref'd w.o.m.); *Fleck v. Baldwin,* 141 Tex. 340, 172 S.W.2d 975 (1943).

Appellant's pleadings deny the existence of an *inter vivos* gift of realty but assert that appellant merely expressed an intent to create a testamentary gift to become effective only upon her death. Appellee, on the other hand, answered that the transaction in question represented an irrevocable gift.

The trial court in its judgment held that appellant was entitled to an estate in the realty for the remainder of her life with the remainder in appellee effective at the time of appellant's death. The effect of the trial court's holding is to sustain appellee's position but to burden it with a life estate.

It is the jury finding to special issues 4 and 5 that appellant claims the trial court has erroneously disregarded.

We are not persuaded that the trial court has disregarded the special issue findings of the jury because the judgment of the court is in keeping with the answers made by the jury.

■ To constitute a "gift *inter vivos* " there must be a delivery of possession of the subject matter of the gift by the donor to the donee coupled with a purpose on the part of the donor to vest in the donee, unconditionally and immediately, ownership of the property delivered. *Wells v. Sansing,* 151 Tex. 36, 245 S.W.2d 964 (1952).

■ A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Bradley v. Bradley,*

540 S.W.2d 504 (Tex.Civ.App.—Fort Worth 1976, no writ).

■ A donor may validly transfer an estate in land by deed without consideration therefor and the lack of consideration is an essential characteristic of a gift. *Kunkel v. Kunkel,* 515 S.W.2d 941 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.).

■ A gift may generally not be made to take effect in the future since a mere promise to give is unenforceable without consideration. *Cooper v. Durham,* 565 S.W.2d 308 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). However, by virtue of statutory authority an estate in realty may be made to commence in futuro by deed. TEX.REV.CIV.STAT.ANN. art. 1296 (Vernon 1980); *Davis v. Zeanon,* 111 S.W.2d 772 (Tex.Civ.App.—Waco 1937, writ ref'd). *See* cases collated at 27 TEX.JUR.2d *Gifts* § 11, p. 157, n. 19.

■ When the instrument conforms to the requirements of our statutes and purports to be an executed conveyance of land, the delivery of such instrument has effect, as between the parties, to vest title in the grantee in all respects the same when there is no consideration for the conveyance as when there is one. *Davis v. Zeanon, supra.*

■ In determining whether a gift was intended by the execution of a deed, we must look to the facts and circumstances surrounding its execution in addition to the recitation of the deed itself. *Haile v. Holtzclaw,* 414 S.W.2d 916 (Tex.1967). The burden of proving a gift *inter vivos* is upon the party claiming that the gift was made. *Diaz v. Cantu,* 586 S.W.2d 576 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ There is, however, a presumption that a parent intends to make a gift to his child if the parent delivers possession, conveys title, or purchases property in the name of a child. *Burk v. Turner,* 79 Tex. 276, 15 S.W. 256 (1891); *Reeves v. Simpson,* 144 S.W. 361 (Tex.Civ.App.—Fort Worth 1912, no writ).

■ While possession of the property is essential in order for the gift to ripen into title, it need not be exclusive possession. It need only be such possession as was contemplated by the donor to sufficiently protect the rights of the donee and such as was intended by both donor and donee evidencing an equal right of present enjoyment. *Patterson v. Patterson,* 27 S.W. 837 (Tex. Civ.App.1894, writ ref'd).

The jury found in response to special issue number two that appellee had directed that the deed from the grantor of the real property be drawn so that it conveyed the property in the name of appellant.

■ The testimony of appellant clearly indicates that she intended ownership of the property to be in appellant subject to her retention of an interest in the estate for the remainder of her life. We find sufficient evidence to support the findings of the jury. Furthermore, we do not find that the judgment entered by the trial court is inconsistent with those jury findings. Accordingly, we do not agree that the trial court erroneously disregarded the jury findings on special issues 1, 3, 4 and 5. Nor are we inclined to find that the judgment of the trial court is unsupported by the pleadings.

Appellant's own original petition alleges facts which, supported by appellant's testimony, authorized the trial court to enter the judgment it did enter.

■ Additionally, we believe that the evidence shows that the theory advanced by appellant's testimony and adopted by the trial court was tried by consent in the absence of objection by either party. *Pinson v. Dreymala,* 320 S.W.2d 152 (Tex.Civ.App.—Houston 1958, writ dism'd w.o.j.); TEX. R.CIV.P. 67.

Appellant's first four points of error are overruled.

Appellant's final two points of error complain of the trial court's failure to award her title to the 1976 Cadillac automobile based upon undisputed evidence and jury findings.

Special issues 6, 7 and 8 found that the vehicle was not purchased with funds that belonged to appellant; that appellant did

not intend to register the vehicle in the names of both she and appellee and that at the time of purchase appellant intended to have the possession and control of the 1976 Cadillac during her lifetime.

The judgment entered awards the vehicle to appellee free and clear of any claim made by appellant.

The testimony with regard to the source of the funds used to purchase the vehicle is conflicting. There is evidence that following the adoption of appellee by appellant an automobile was purchased and the registration was placed in the name of appellee. This automobile was subsequently destroyed by fire and the replacement vehicle, the subject of the instant controversy, purchased and once again registered in appellee's name.

■ The evidence is undisputed that appellant established a bank account in the names of both she and appellee, and that both were authorized to execute checks on the account. There is further evidence that appellant was considered equal owner of the bank funds. While the evidence may have been conflicting, the jury was permitted, as sole fact finders to determine the true facts. We cannot say that its findings are not supported by evidence and that such evidence is insufficient. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Since the jury found that the vehicle was not purchased with funds belonging to appellant it is immaterial that they further found that appellant intended to have the use, possession and control of the vehicle during her lifetime or that she did not intend to register the vehicle in both names. *Gage v. Langford,* 582 S.W.2d 203 (Tex.Civ. App.—Eastland 1979, writ ref'd n.r.e.); *Teas v. Republic National Bank of Dallas,* 460 S.W.2d 233 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.); 4 McDONALD, TEXAS CIVIL PRACTICE, § 17.31 (1971).

Appellant's final two points of error are overruled and the judgment of the trial court is affirmed.