**Steve F. MOLNARI, Appellant,**

v.

**Michael D. PALMER, Trustee for Michael D. Palmer, Sheila E. Bradford and Susan Lee Wall, and Emmalene York, Appellees.**

**No. 06–94–00074–CV.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 6, 1994.

Decided Dec. 1, 1994.

---

4. *Wortham v. State*, 95 Tex.Crim. 135, 252 S.W. 1063, 1064 (1923).

5. *George v. State*, 90 Tex.Crim. 179, 234 S.W. 87, 89 (1921).

148

Elizabeth Ann Fulton, Clifton Holmes, Harry R. Heard, Longview, for appellant.

Larry Powers, Powers & Blount, Sulphur Springs, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Steve Molnari sued Michael Palmer, trustee, to cancel a deed. He alleged that the deed was obtained through undue influence and improper external pressure, and that there was a failure of consideration. The trial court granted an instructed verdict for Palmer.

On appeal, Molnari contends that the trial court erred in granting the instructed verdict because there was some evidence supporting each of his theories of recovery. Because we find no evidence supporting Molnari's allegations, we affirm the judgment.

Molnari, in his early eighties, was concerned about his wife's poor health and wanted to be sure that title to their 164–acre Wood County farm went to his grandchildren. Attorney Ben Kerr of Quitman ultimately prepared a warranty deed conveying the land from Molnari and his wife to Michael D. Palmer, as trustee for himself, Sheila E. Bradford, Susan Lee Wall, and Emmalene York. York is Elsie Molnari's daughter; Palmer, Bradford, and Wall are Elsie Molnari's grandchildren from a previous marriage. The Molnaris had no children of their marriage. The deed reserved a life estate in the farm in favor of the Molnaris, which would terminate at the Molnaris' deaths or when they had abandoned the land for ninety days. Kerr originally prepared the deed to list only Palmer, Bradford, and Wall as trust beneficiaries, but during discussions on May 22, the Molnaris told Kerr to add York as a beneficiary, and he did so. Kerr took the deed to the Molnari farm on May 22, 1991, where it was signed. Elsie Molnari died on July 3, 1991. Palmer recorded the deed on July 5, the day of the funeral.

Molnari filed suit to cancel the deed on the grounds of failure of consideration, and also alleged that Palmer secured the deed by making fraudulent representations, by taking advantage of Elsie Molnari's mental incapacity, by exercising undue influence over the Molnaris, and by improperly exercising ex-

ternal pressure over the Molnaris that destroyed their free agency.

The trial began on January 25, 1994. At the close of Molnari's case, the court granted Palmer's motion for instructed verdicts on the issues of undue influence, destruction of free agency, and failure of consideration. The issues of fraud and mental incapacity were submitted to the jury and were decided against Molnari.

Molnari does not complain of the adverse jury findings but urges reversal of the judgment on the bases of undue influence, improper external pressure, and failure of consideration. Molnari argues the issues of undue influence and improper external pressure together, treating them as if they were identical issues. We shall deal with the issues as if they are identical.

■ A trial court may properly grant an instructed verdict only where the party with the burden of proof offers no probative evidence supporting an essential element of his cause of action. *Vance v. My Apartment Steak House,* 677 S.W.2d 480, 483 (Tex.1984); *Collora v. Navarro,* 574 S.W.2d 65, 68 (Tex. 1978). On appeal, the reviewing court determines whether any probative evidence raises a fact issue on the material question presented. The reviewing court views the evidence in the light most favorable to the losing party, discarding all contrary evidence and inferences. *Collora v. Navarro, supra.*

■ In deciding whether there was undue influence in executing a deed, the court considers three factors: (1) the existence and exertion of an influence; (2) whether the influence operated to subvert or overpower the grantors' minds when they executed the deed; and (3) whether the grantors would not have executed the deed but for the influence. *Dulak v. Dulak,* 513 S.W.2d 205, 209 (Tex.1974); *Rothermel v. Duncan,* 369 S.W.2d 917, 922 (Tex.1963).

Molnari argues that Palmer orchestrated the land transfer. There was evidence that, at the explicit request of Molnari, Palmer made the appointment with the attorney to prepare the deed. Also at Molnari's request, Palmer traveled from his home in Garland to take Molnari to Kerr's office. He gave Kerr directions to the Molnaris' farm for the May 22 signing, and he went to the farm when the deed was signed. He recorded the deed July 5, 1991, the day of Elsie Molnari's funeral, and he paid Kerr for the legal work.

■ While a beneficiary's voluntary participation in the preparation or signing of a deed can be one of the considerations used to determine if there was undue influence, *In re Olsson's Estate,* 344 S.W.2d 171 (Tex.Civ. App.—El Paso 1961, writ ref'd n.r.e.), we do not believe that such participation, standing alone, and when it is instigated and explicitly requested by the grantor, as was the case here, is any evidence of undue influence. This is especially true when, as here, the grantor testifies that he did not rely on the beneficiary's advice. If that is any evidence of undue influence, it is no more than a scintilla. There was no testimony that the deed was executed as the result of any act or influence by Palmer.

Molnari also argues that his wife was confused and unable to care for herself. He produced testimony from nurses who told of Elsie Molnari's poor health and forgetfulness. Molnari also argues that his wife suffered from Organic Brain Syndrome or Alzheimer's Disease, but there is no evidence of that. Palmer testified that, although Mrs. Molnari had poor eyesight, she was able to read the documents herself at the May 22 signing. Attorney Kerr said he explained the documents to her. These arguments address the issue of Elsie Molnari's mental capacity, an issue the jury decided against Molnari. These arguments do not address fully the undue influence issue.

Molnari offered no evidence of Palmer's influence over him. In fact, he testified that he did not rely on Palmer's advice. Although he said he thought he had been tricked in the deal, he also testified that he did not know who had tricked him and did not blame Palmer.

Kerr, Molnari, and Palmer were the only trial witnesses who were present when the deed was signed. Molnari could not recall signing the deed. Neither Molnari, Palmer, nor Kerr offered evidence that the deed would not have been executed save for Palm-

er's influence. Kerr and Palmer testified that at the signing Molnari and his wife seemed to understand what they were doing and to be in control of their actions. Palmer did participate in the deed's preparation by arranging attorney appointments and by driving Molnari to the attorney's office, but his help seems to have been mechanical or ministerial rather than undue influence. Palmer testified that the Molnaris had for a long time wanted to transfer the property to the grandchildren.

There was no evidence that any external pressure was brought to bear to destroy the Molnaris' free agency. Palmer's activities are consistent with those of a grandson helping his grandfather carry out his wishes. When Palmer was asked why he did not return the land, he said he was afraid some of Molnari's neighbors were taking advantage of the octogenarian and were stealing from him. Palmer feared that if he returned the land, the neighbors would convince Molnari to sell the farm and then steal the money. He said also that his parents had purchased a portion of the farm, about fifty acres, some years before but had never re-corded the transaction.

We find a complete absence of probative evidence that undue influence existed or was exerted, or that the deed would not have been executed save for the influence.

■■■■ As to the failure of consideration issue, we note that a grantor may transfer title to land as a gift without consideration. *Woodworth v. Cortez,* 660 S.W.2d 561, 564 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Kunkel v. Kunkel,* 515 S.W.2d 941, 946 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). A court will look to the facts and circumstances surrounding a deed's execution to see if the grantor intended a gift. *Haile v. Holtzclaw,* 414 S.W.2d 916, 927 (Tex. 1967). Palmer and Kerr testified the deed was a gift, a conveyance from the Molnaris to Elsie Molnari's daughter and grandchildren in lieu of a will.

Molnari failed to produce probative evidence supporting his theories of undue influence and failure of consideration. Thus, the judgment on instructed verdict was proper, and it is affirmed.