In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00093-CR


______________________________




TAURUS DEMETRICK BLAKEMORE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. CR07-027




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 A jury found Taurus Demetrick Blakemore guilty of robbery, as charged in the indictment. 
During a separate bench trial on punishment, the tribunal found the enhancement allegations
contained in the indictment to be "true" and sentenced Blakemore to sixty years' imprisonment. On
appeal, Blakemore contends that the trial court erred by submitting a lesser-included offense
instruction to the jury. (1) We overrule this issue and affirm the trial court's judgment.

I. A Jury Charge Should Set Forth the Applicable Law, Without Further Comment.

 A jury charge should set forth the law applicable to the case, without expressing any opinion
the trial court may have regarding the weight of the evidence and without summarizing any
testimony or otherwise discussing the evidence presented. Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007). When a claim of an error in the jury charge is brought forth on appeal, the reviewing
court must first determine if there was indeed error in the trial court's charge. Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994). If the complained-of portion does not constitute error,
our review process ends. Thompson v. State, 227 S.W.3d 153, 163-64 (Tex. App.--Houston [1st
Dist.] 2006, pet. ref'd); Barfield v. State, 202 S.W.3d 912, 916 (Tex. App.--Texarkana 2006, pet.
ref'd); McIlroy v. State, 188 S.W.3d 789, 797-98 (Tex. App.--Fort Worth 2006, no pet.). However,
if we find that error existed in the jury charge, we must next ascertain whether the appellant
preserved that error at trial; this must be done in order to determine the degree of harm that must be
shown before the error requires reversal of the trial court's judgment. If the appellant did not
preserve the error by raising an objection to it at trial, the "appropriate standard [of review] is the one
for fundamental error in the charge." Jimenez v. State, 32 S.W.3d 233, 239 (Tex. Crim. App. 2000);
see Stokes v. State, 74 S.W.3d 48, 50 (Tex. App.--Texarkana 2002, pet. ref'd). This standard
prohibits reversal of the trial court's judgment "unless the error appearing from the record was
calculated to injure the rights of the defendant, or unless it appears from the record that the defendant
has not had a fair and impartial trial." Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006); see
Abdnor, 871 S.W.2d at 732; Bradshaw v. State, 244 S.W.3d 490, 497-98 (Tex. App.--Texarkana
2007, pet. ref'd). If, on the other hand, the error was preserved at trial by timely objection, we must
see only whether "some harm" accrued to the defendant as a result of the error. Jimenez, 32 S.W.3d
at 237; see also Remsburg v. State, 219 S.W.3d 541, 547 (Tex. App.--Texarkana 2007, pet. ref'd). 
This latter standard permits reversal of the trial court's judgment for any nonstructural error unless
we were convinced, beyond a reasonable doubt, that the error did not contribute to the appellant's
conviction or punishment. Remsburg, 219 S.W.3d at 547. Under either standard for harm, the
degree of harm demonstrated by the appellant must be actual, not merely theoretical. Almanza, 686
S.W.2d 157, 174 (Tex. Crim. App. 1985) (op. on reh'g); Taylor v. State, 146 S.W.3d 801, 804 (Tex.
App.--Texarkana 2004, pet. ref'd). 


II. Does the Jury Charge Contain Error?

 The Defendant contends that the trial court erred by submitting an instruction on the lesser-included offense of theft over his trial objection. (2) To constitute a lesser-included crime, an offense
must (1) be established by proof of the same or less than all of the facts required to establish the
commission of the offense charged; (2) differ from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public interest suffices to establish
the crime's commission; (3) differ from the offense charged only in the respect that it requires a
lesser culpable mental state to establish the crime's commission; or (4) consist of an attempt to
commit the offense charged or an otherwise included offense. Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 2006). This first step of the analysis is done by referencing the elements of the
offense as defined by the pleadings (specifically, the indictment) in the case, not by reference to the
evidence admitted at trial. Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). The second
step of the analysis requires a review of the evidence admitted at trial to determine whether there is
any evidence (even a mere scintilla of evidence will suffice) to support a jury's finding that the
accused was guilty only of the lesser-included offense. Id. at 535-36. 

 To prove robbery, the State must show that the accused (1) while in the course of committing
theft, (2) with intent to obtain or maintain control of that stolen property, and (3) either
(a) intentionally or knowingly or recklessly caused bodily injury to someone or (b) intentionally or
knowingly threatened or placed another in fear of imminent bodily injury or death. Tex. Penal
Code Ann. § 29.02 (Vernon 2003). To prove theft, the State must present evidence that shows the
accused (1) unlawfully, (2) appropriated property, (3) with intent to deprive the owner of that
property. Tex. Penal Code Ann. § 31.03(a) (Vernon Supp. 2008). 

 Because the typical robbery case requires the State to prove the accused committed an
underlying theft, theft is usually (but not always) a lesser-included offense of robbery. See, e.g.,
Jones v. State, 984 S.W.2d 254, 257-58 (Tex. Crim. App. 1998); Bignall v. State, 887 S.W.2d 21,
23-25 (Tex. Crim. App. 1994); Earls v. State, 707 S.W.2d 82, 84 (Tex. Crim. App. 1986). (3) 
However, whether theft would be a lesser-included offense in this case necessarily turns on the
allegations included in the indictment. Hall, 225 S.W.3d at 535; Campbell, 571 S.W.2d at 161-62. 
 In this case, the indictment alleged that the Defendant:

while in the course of committing theft of property and with intent to obtain or
maintain control of said property, intentionally or knowingly threaten[ed] or place[d]
Orn Snguon in fear of imminent bodily injury or death by pointing an object that
appeared to be a firearm at and in the direction of the said Orn Snguon . . . .


Because the alleged aggravating circumstances that increased the seriousness of the underlying
offense to robbery were alleged to have been committed by the Defendant during the course of
committing a theft, it follows that the language in the indictment necessarily included the allegation
that he either completed the underlying theft or attempted to complete an underlying theft. Because
the State's indictment could be satisfied with proof of a completed underlying theft, theft could be
considered a lesser-included offense of robbery in this case--if there was also some evidence
adduced at trial to support such a lesser-included offense instruction.

 Snguon testified that on December 4, 2006, a man came into the Reklaw Food Store (where
Snguon works) and proceeded to the checkout counter to purchase a soft drink. Once the man got
to the counter, he drew a BB gun, pointed it at Snguon's chest, threatened to shoot the gun, ordered
the latter to open up the cash register and hand over money from it. Snguon, however, realized that
the gun was not real and began struggling with the robber. During the struggle, the robber took some
of the money from the cash register. The two continued to fight, but the robber eventually escaped
from the premises. 

 The Defendant called Tony Linnerman (Tony) and Sondra Linnerman (Sondra) as witnesses. 
Tony testified that, on the occasion described above, he was outside the Reklaw store in Rusk
County when he saw a store clerk fighting with a man wearing a hooded sweatshirt. Tony saw that
the clerk had a toy rifle in his hands and was using it to hit the man in the sweatshirt. Eventually,
the sweatshirt-wearing man ran out of the store, got into a car, and left the scene. 

 Sondra testified that she had also been at the Reklaw store at the same time and observed 
the man who ran the store chasing another man around the store, hitting the latter with a "little plastic
rifle." She also testified that she saw Snguon retrieve the gun from a car, thus suggesting that it had
been Snguon (and not the Defendant) who had introduced the toy BB gun into the fracas. 

 The Linnermans' testimonies, if believed, would support the conclusions that the store clerk
was the sole aggressor in the tussle and that the Defendant had not introduced the BB gun into the
altercation. Snguon's testimony, if believed, would support the conclusion that the Defendant
completed a theft by stealing money from the cash register. Therefore, there was at least the required
scintilla of evidence which would support a conclusion by the jury that the Defendant was guilty of
a completed theft but not a robbery. 

 Therefore, because the language of the indictment at least encompassed the possibility of an
underlying completed theft, and because there was evidence to support Blakemore's conviction for
an underlying completed theft, we conclude the trial court did not err by instructing the jury on that
lesser-included offense of robbery in this case. We overrule the Defendant's sole appellate issue and
affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: August 15, 2008

Date Decided: August 25, 2008


Do Not Publish


1. With Blakemore having been convicted of the greater offense of robbery rather than the
lesser-included offense of theft (as opposed to the reverse situation), the charge as tendered to the
jury seems a distinction without a difference. In other words, even if it were error to have included
the lesser-included offense instruction, the harm to Blakemore is difficult to comprehend. 
2. The Defendant's objection at trial (but not on appeal) seemed more to direct his complaint
at the characterization in the charge of theft as being a misdemeanor than to the inclusion of the
lesser-included offense instruction itself.
3. One occasion when theft would not be a lesser-included offense of robbery is when the
underlying theft was not alleged to have been "completed" because the accused failed to gain control
of the property. See Campbell v. State, 571 S.W.2d 161, 161-62 (Tex. Crim. App. 1978) (State's
robbery case depended on proof of "completed" theft; appellant was therefore entitled to instruction
on lesser-included offense of theft), overruled, Hall, 225 S.W.3d 524.


tly after writing the checks to satisfy the balance
on the property. 
            Although this evidence informs us as to the separate character of the 153.5-acre tract, this is
consistent with the trial court's order granting each party an undivided one-half separate property
interest in the land. In fact, Sondra's interest in the property is not the result of an improper division
of mischaracterized property; rather, Gary himself conveyed to Sondra her undivided one-half
interest in the property several months after its purchase. The question we must now address is
whether the trial court erred in failing to find that Sondra committed fraud, exercised undue
influence, or that Gary's conveyance was made under duress.
            Gary's basic argument in support of these allegations is that he agreed, in good faith, to
convey to Sondra an interest in the 153.5-acre tract in an effort to demonstrate his commitment to
making their marriage work. He testified that the conveyance was made at Sondra's insistence and
with the understanding that Sondra would move back in with him after having maintained a long-distance relationship for approximately three years. Gary also testified that he felt pressured into
making the conveyance because he felt badly when Sondra told him that he had given her a sexually
transmitted disease. When Sondra did not relocate, Gary filed for divorce. 
            While we agree that "[a] promise to do an act in the future may form the basis for an action
in fraud when it is made with the intention, design and purpose of deceiving," and that circumstantial
evidence may be considered in determining fraud, the question of a party's intent is a matter
peculiarly reserved for the trier of fact. Pulchny, 555 S.W.2d at 545–46 (citing Manziel v. Williams,
262 S.W.2d 437, 438 (Tex. Civ. App.—Texarkana 1953, no writ)). First, we note that there is no
direct evidence and no finding by the trial court that Sondra promised she would move in the event
Gary agreed to convey to her an interest in the disputed property. Second, even if such a promise
had been made, because there is evidence suggesting Sondra did intend to move,


 we must defer to
the trial court's discretion as the sole trier of fact, presuming that the court chose to believe the
testimony of one party over the other.
            We similarly find no merit in Gary's claims that Sondra exercised undue influence and that
he made the conveyance to Sondra under duress. When considering undue influence in executing
a deed, courts consider three factors: (1) the existence and exertion of an influence, (2) whether the
influence operated to subvert or overpower the grantor's mind, and (3) whether the grantor would
not have executed the deed but for the influence. Molnari v. Palmer, 890 S.W.2d 147, 149 (Tex.
App.—Texarkana 1994, no writ). When considering duress, courts must determine whether a party
has threatened to do some act against the other party that it had no legal right to do.


 Tenneco Oil
Co. v. Gulsby Eng'g, Inc., 846 S.W.2d 599, 604 (Tex. App.—Houston [14th Dist.] 1993, writ
dism'd). Gary testified that he conveyed an undivided one-half interest in the 153.5 acres "to . . .
pacify [Sondra] in order to show her that [he] was trying to make [the marriage] work." He also
testified to conveying the interest because he felt badly about giving her genital herpes and figured
he should try to make things work out because he did not want to have the guilt hanging over his
head. The record is simply devoid of any evidence that Sondra threatened Gary in any way or that
her spousal influence over him operated to subvert or overpower his ability to make sound decisions.
2. Discovery Ruling Not Error
            Gary also contends that the trial court erred by allowing Sondra additional time to compile
discovery responses without taking into account her failure to do so when making its final decision. 
Not only did Gary fail to object to the trial court's granting of additional time, but he also makes no
attempt to explain how the determination constituted an abuse of the court's discretion. Tex. R. App.
P. 33.1; see Tex. Dep't Parks & Wildlife v. Miranda, 133 S.W.3d 217, 229 (Tex. 2004). Even if error
was adequately preserved for our review, Gary's contention that the court did not take into account
Sondra's failure to provide complete discovery is unsupported. There is nothing in the record
suggesting that the trial court did not consider all of the evidence when dividing the parties' property.
 
 
 
Conclusion
            The trial court acted within its discretion in making no findings of fraud, duress, or undue
influence, and properly determined that each party was entitled to an undivided one-half interest in
the 153.5-acre tract. 
            Finding no error, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 1, 2004
Date Decided:             July 23, 2004